## Kenyon Realty Co. v. National Deposit Bank.

(Decided October 6, 1910.)

## Appeal from Daviess Circuit Court.

1. Corporations—Officers—Executing Notes—Accepting Notes—Bona Fide Purchaser.—While a president of a corporation may have authority to make notes in the transaction of the company's business, he has no authority to execute the company's note to himself to be used in paying his own debt to a bank, and where a bank accepted a note so executed, the facts appearing on the face of the paper being sufficient to put it on inquiry, it is not a bona fide purchaser without notice.

2. Corporation Directors—Improper Use of Funds—Concurrence—Void Transaction.—Where a majority or even all the directors of a corporation concur in using the funds thereof to pay a private debt on which they are all bound, and on which the corporation is not bound, the transaction is void.

3. Principal and Agent—Improper Use of Funds.—The rule that an agent cannot use the property of his principle to pay his own debt applies to all agents of every grade.

4. Voidable Contract—Ratification—Knowledge of Party—Effect.—A ratification of a voidable contract by the party having the power to disaffirm it, does not bind him unless made with full knowledge of the circumstances.

5. Estoppels—Knowledge of Facts.—Estoppels are not favored, and they are not sustained unless the party sought to be estopped knew the facts and with this knowledge misled the other party to his prejudice.

WATKINS & BIRKHEAD for appellant.

WEIR & WEIR for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On September 29, 1903, H. K. Cole, desiring to borrow $2,250 from the National Deposit Bank of Owensboro, Kentucky, executed a note for that sum payable in four months to the order of James H. Parrish, which was endorsed by Parrish and discounted by the bank. The note

was renewed from time to time at maturity, Cole paying the interest until September 9, 1905, when he paid $250 of the principal and delivered to the bank a note of the Kenyon Realty Company signed by himself as the president of the company and payable to his order. The note was endorsed by Parrish and forty-five shares of stock in the Kenyon Realty Company held by Cole were placed as collateral on the note. The bank accepted the note of the Kenyon Realty Company in satisfaction of the debt which it held against Cole. This note was renewed from time to time, Cole paying the interest by a check of the Kenyon Realty Company at each renewal of the note and charging the amount of the check to his personal account. Finally Cole failed and this suit was brought by the bank against the Kenyon Realty Company to recover on the last renewal note. The company, when sued by the bank on the note, defended upon the ground that it owed Cole nothing; but on the contrary he was in debt to it, and had no authority as president to execute its note to himself to pay his own debt. At the conclusion of the evidence which showed the facts above stated, the court refused to instruct the jury peremptorily to find for the defendant and gave the jury instructions under which they found for the plaintiff. The defendant appeals.

There is no contradiction in the evidence as to the facts, and so the first question arising in the case is: Was the Realty Company responsible to the bank on a note made by Cole himself, payable to his own order, which he negotiated to the bank in payment of his own debt, when in fact the Realty Company owed him nothing?

In Claflin v. Farmers Bank, 25 N. Y. 293, Houghton, the president of the bank who had authority to certify checks, certified a check drawn by himself which passed into the hands of a bank who claimed to be a bona fide holder without notice. Denying this contention, the court said: "The difficulty in the way of this conclusion, however, is that the want of authority in Mr. Houghton to bind the bank, appeared upon the face of the check. There could be no bona fide holder of such an instrument. * * * The double relation in which Mr. Houghton stood alone, rendered it void, and of this the plaintiffs were apprised by the check."

A recovery was refused. In Stainback v. Bank of Virginia, 11 Grat. 269, the agent who had authority to

endorse bills, endorsed a bill in the name of his principal for his own benefit. The bank knew that he was using the paper to pay his own debt, and was held not entitled to recovery. In stating the reasons for denying a recovery, the court said: "In every stage of the proceeding with which the bank was connected it was perfectly apparent that the business of the agent and not of the principal was to be promoted."

In New York Iron Mine v. First National Bank of Negaunee, 39 Mich. 644, an agent having authority to make bills for his principal, made a note in the name of his principal, payable to himself, and negotiated it to the bank to pay his own debt. The court held that the fact that on the face of the paper he appeared to be acting in two capacities, one of which might be antagonistic to the other, imposed upon the party taking the paper the obligation of special care in inquiring into his authority. In Park Hotel Co. v. Fourth National Bank of St. Louis, 30 C. C. A., 409, the president of a corporation made a note in the name of the corporation to himself and discounted it to the bank on his own account. Judge Sanborn, speaking for the court and refusing a recovery, said:

"General authority to conduct the business and to issue the promissory notes of a corporation is authority to do those acts for corporate purposes, and in the interest of the corporation only. It does not include the power to do them for the exclusive benefit of others, to the detriment of the corporation. And while a promissory note, made by an agent or officer having such authority, in the usual form, and taken by a stranger in the ordinary course of business, carries with it the presumption that it was issued for corporate purposes, and under lawful authority, a note issued by such an agent, payable to himself, is accompanied by no such presumption, but is itself notice that it is without the scope of his general power, and that it does not bind his principal, unless its execution was specially authorized by the corporation, through its directors or officers, other than the agent to whom it is payable. Such a note is a danger signal, which the discounter or purchaser disregards at his peril. It is notice to him that, if it is contested, he cannot recover upon it, under any general authority in the agent or at all, unless he proves that the agent was specially authorized to make that particular

transaction, or to make contracts of the corporation with himself."

Our own opinions are to the same effect. In Chemical National Bank v. Wagner, 93 Ky. 528, the president of the corporation issued the notes of a corporation for his own personal benefit, the notes showing upon their face that they were issued by the payee as agent of the corporation. It was held that the notes were prima facie void at the option of the corporation. The court said: "Now the notes bear upon their face the conclusive evidence of the fact that they were issued by Mr. Matthews, as agent, to himself as principal, which was notice of itself to the appellants that the notes were void at the instance of the company, which destroyed their immunity as innocent purchasers, and consequently they could not recover thereon unless they could show that the company, by its superior officer, authorized so to do, or its board of directors, with like authority, authorized Mr. Matthews to thus issue the notes."

The rule thus announced was followed in Trapp v. Fidelity National Bank, 101 Ky. 485, and in Mathis v. Bank of Taylorsville, 32 R. 200. In the latter case a farmer had given his son a power of attorney authorizing him to transact his business and to make notes and draw checks. The son fell in debt to the bank and thereupon executed to the bank a note in the name of his father to cover the indebtedness. It was held that in so far as the note represented the indebtedness of the son there could be no recovery by the bank. So here, while Cole as president of the Realty Company may have had authority to make notes in the transaction of the company's business, he had no authority to execute the company's note to himself to be used in paying his own debt to the bank, and when the bank accepted the note so executed the facts appearing on the face of the paper were sufficient to put it on inquiry, and it is not therefore a bona fide purchaser without notice.

But it is insisted for the bank that the Kenyon Realty Company had only three directors, James H. Parrish, Cole and Mrs. Jesse M. Parrish, and that a majority of the directors, Cole and James H. Parrish, were cognizant of the transaction and consented to it. But Cole and James H. Parrish were both bound for the debt. They had no authority as directors to use the funds of the company to pay their own debt, and if all of the directors had

concurred in using the funds of the company to pay a private debt on which they were all bound, and on which the corporation was not bound, the transaction would be void. The rule that an agent cannot use the property of his principal to pay his own debt applies to all agents of every grade. The director of a corporation is no more exempt from this rule than the humblest agent in its service. The corporation itself took no action either by its board of directors or by its stockholders as such; and while Cole and Parrish owned a majority of the stock, they were the only stockholders who knew the facts and there was at least one stockholder who knew nothing about the matter and was in no wise consulted. The corporation was not bound by the transaction when it occurred. The mere fact that the negotiation was made by two of the directors of the corporation will not estop the corporation from showing the truth. The contract to pay their own debt with the note of the corporation, which H. K. Cole and J. H. Parrish had no power to make, they could not ratify for the corporation, although they were a majority of the directors, and held a majority of the stock in the corporation; for it is a universal rule that a contract which an agent has no power to make, he cannot ratify for his principal by his conduct. Were it otherwise, his want of authority to make the contract in the first instance would amount to nothing, and he would be allowed to do indirectly what he could not do directly. (10 Cyc. 270.) The stock of H. K. Cole and J. H. Parrish having passed into the hands of bona fide purchasers, the latter had the right to the corporate property subject only to the corporate debts. It cannot be subject to the personal debt of H. K. Cole or J. H. Parrish.

The rule is that a ratification of a voidable contract by the party having the power to disaffirm does not bind him unless made with full knowledge of the circumstances. (10 Cyc. 1079.) Estoppels are not favored, and they are not sustained unless the party sought to be estopped knew the facts, and with this knowledge misled the other party to his prejudice. It is very evident from the testimony of Mrs. Parrish that she knew nothing about this transaction except the fact that the bank held a note. There is nothing to show that she knew that the note had been given by Cole to himself in the name of the company to pay his own personal debt to the bank. She did nothing to mislead the bank and the bank knew that

Cole and James H. Parrish, on whose consent it acted, were using the note of the company to pay their private debt to the bank. On the facts shown the court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for further proceedings consistent herewith.