FIRST NATIONAL BANK v. W. R. SAULS ET AL.

(Filed 15 March, 1922.)

1. **Mortgages — Title — Cancellation — Bills and Notes — Assignment— Statutes.**

    Where a note, secured by a mortgage, is assigned and pledged as collateral by the mortgagee to his own note, without an assignment of the mortgage conveying title for the purpose of the security, but which was only left with the payee of his note, the legal title to the lands remains in the mortgagee, who alone is authorized to cancel the mortgage. C. S., 2594 (1).

2. **Same—Registration—Notice.**

    Where the lender of money accepts as collateral a note secured by mortgage, in order to protect himself he must have the legal title transferred and assigned to him by a proper conveyance for the purpose, and have it registered as notice against subsequent conveyances for value, etc.; otherwise, the assignment of the note can operate on the note alone.

3. **Same—Mortgagees—Cancellation in Person—Exhibit of Instruments— Satisfaction.**

    Only the mortgagee is entitled to have his mortgage canceled on the book in the office of the register of deeds, either in person, C. S., 2594 (1), or by the register of deeds upon the exhibition of the mortgage and note properly endorsed by him, C. S., 2594, subsecs. 2 and 3; and when the mortgagee cancels the instrument in person, under subsec. 1, it is a complete release and discharge of the mortgage, subsec. 4, for in such case the statute does not require the exhibition of the mortgage and the note it secures.

**4. Same—Collateral.**

The legal title to mortgaged lands is conveyed by the instrument to the mortgagee, and remains in him until transferred or assigned, for the purpose of the security or the cancellation of the instrument, C. S., 2594; and where the mortgagor has afterwards conveyed the fee-simple title to another, and receives a mortgage back to secure a note for the balance of the purchase price of which the same mortgagee becomes the holder, his personal cancellation of the first mortgage, without producing it or the note it secures, is a complete discharge or release of the lien thereof, and where he borrows money after such cancellation, and hypothecates the note of the second mortgage as collateral to his own, the lender for the purposes of the security, acting in good faith, has a prior lien on the lands.

**5. Mortgages—Deeds and Conveyances—Statutes—Connor Act.**

The Connor Act, requiring the registration of conveyances to give notice to subsequent purchasers, etc., includes mortgages within its terms.

APPEAL by plaintiff from *Cranmer, J.,* upon a controversy submitted upon facts agreed at February Term, 1922, of CRAVEN.

The defendant J. L. Sauls, on 8 September, 1919, executed to Sauls & Lamb his notes for $6,000, secured by mortgage upon a tract of land in Craven County, which was duly registered 10 September, 1919, and thereafter, on 18 November, 1919, the mortgagees obtained a loan of $4,000 from the plaintiff First National Bank of Kinston to which they delivered the mortgage notes aforesaid as collateral security, and left with the bank, without an assignment thereof, the mortgage securing the notes. Thereafter, on 27 January, 1920, the mortgagor, J. L. Sauls, executed a warranty deed for the same tract of land to Lafayette King and wife, who executed to William Dunn, Jr., trustee, a deed of trust thereon to secure the notes executed for the purchase money thereof. On 13 July, 1920, the mortgagees, Sauls & Lamb, in the first mortgage, canceled the record of the mortgage, which had been executed to them by J. L. Sauls on the record thereof in the register's office of Craven by making this entry thereon: "This mortgage has been paid and satisfied in full. This 13 July. Sauls & Lamb, by R. W. Lamb. Witness, S. H. Fowler, register of deeds"; and thereafter they obtained a loan for $8,500 from the People's Bank of New Bern by placing as collateral security for such loan the notes executed by King and wife, and secured by deed of trust above referred to.

The said entry of satisfaction on the margin of the record of said mortgage given by said J. L. Sauls to Sauls & Lamb was made without the knowledge, consent, or authority of the plaintiff, and plaintiff did not discover such entry until about 8 December, 1921, just prior to the commencement of this action.

The court adjudged, upon the facts agreed, that the loan made by the People's Bank upon the notes secured by the King deed of trust is protected by the cancellation of the mortgage, which was a prior mortgage to the King deed of trust until its cancellation, and held that such cancellation upon the record operated upon the mortgage and the record of registration for the discharge of this prior encumbrance. Appeal by plaintiff.

*R. A. Nunn for plaintiff.*
*Guion & Guion for defendant.*

CLARK, C. J. Upon the facts agreed there was no assignment of the mortgage of J. L. Sauls to Sauls & Lamb to the plaintiff First National Bank of Kinston, but the said mortgage was merely left by them with the cashier of the bank. Therefore the legal title of the land described in this mortgage was never divested from the mortgagees, Sauls & Lamb. *Williams v. Teachey,* 85 N. C., 402. And under C. S., 2594 (1), the mortgagees, Sauls & Lamb, still holding the legal title, were alone authorized to cancel the mortgage.

The First National Bank of Kinston, with whom Sauls & Lamb left the notes which they held as mortgagees of J. L. Sauls, could have protected itself by requiring the transfer and assignment of the mortgage which conveyed the land therein described, and by registration of such assignment would have given notice to the world that as assignee of such mortgage this bank alone was authorized to make cancellation thereof. But in the absence of such notice, the mortgagees having entered cancellation thereof, this became an absolute release and discharge.

The question above presented has been so fully and well considered by this Court in several cases, to wit: *Weil v. Davis,* 168 N. C., 298; *Hayes v. Pace,* 162 N. C., 288; *Jones v. Williams,* 155 N. C., 179; which have been cited with approval in *Parrott v. Hardesty,* 169 N. C., 669, that it is not necessary to look further for authority for the ruling therein so clearly announced that there must be an assignment of a mortgage on real estate, to operate upon the land described in the mortgage in order that the power of sale may pass to the assignee. If this is not done the legal title will remain in the mortgagee and the assignment of the notes can operate only on the notes.

It follows that in this case the legal title remained in Sauls & Lamb, the mortgagees, after the deposit of the mortgage notes and of the unassigned mortgage with the National Bank of Kinston and by virtue of C. S., 2594, already cited, the mortgagees were authorized to make the entry of cancellation.

The following is the language of C. S., 2594: *"Discharge of record of mortgages and deeds of trust.* Any deed of trust or mortgage registered as required by law may be discharged and released in the following manner:

"1. The trustee or mortgagee, or his or her legal representative, or the duly authorized agent or attorney of such trustee, mortgagee, or legal representative, may, in the presence of the register of deed or his deputy, acknowledge the satisfaction of the provisions of such deed of trust or mortgage, whereupon the register or his deputy shall forthwith make upon the margin of the record of such deed of trust or mortgage an entry of such acknowledgment of satisfaction, which shall be signed by the trustee, mortgagee, legal representative, or attorney, and witnessed by the register or his deputy, who shall also affix his name thereto.

"2. Upon the exhibition of any mortgage, deed of trust, or other instrument intended to secure the payment of money, accompanied with the bond or note, to the register of deeds or his deputy, where the same is registered, with the endorsement of payment and satisfaction appearing thereon by the payee, mortgagee, trustee, or assignee of the same, or by any chartered active banking institution in the State of North Carolina, when so endorsed in the name of the bank by an officer thereof, the register or his deputy shall cancel the mortgage or other instrument by entry of 'satisfaction' on the margin of the record; and the person so claiming to have satisfied the debt may retain possession of the bond or mortgage or other instrument. But if the register or his deputy requires it, he shall file a receipt to him showing by whose authority the mortgage or other instrument was canceled.

"3. Upon the exhibition of any mortgage, deed of trust, or other instrument intended to secure the payment of money by the grantor or mortgagor, his agent or attorney, together with the notes or bonds secured thereby, to the register of deeds or his deputy of the county where the same is registered, the deed of trust, mortgage, notes, or bonds being at the time of said exhibition more than ten years old, counting from the date of maturity of the last note or bond, the register or his deputy shall make proper entry of cancellation and satisfaction of said instrument on the margin of the record where the same is recorded, whether there be any such entries on the original papers or not.

"4. Every such entry thus made by the register of deeds or his deputy, and every such entry thus acknowledged and witnessed, shall operate and have the same effect to release and discharge all the interest of such trustee, mortgagee, or representative in such deed or mortgage as if a deed of release or reconveyance thereof had been duly executed and recorded."

The language of subsection 4 thereof explicitly provides that such entry shall operate "to release and discharge all the interest of the trustee or mortgagee" as fully "as if a deed of release or conveyance thereof had been duly executed and recorded."

This matter is fully and clearly stated and held in *Smith v. Fuller,* 152 N. C., 13. The People's Bank of New Bern had the records of the county examined, and finding therein the mortgage to Sauls & Lamb properly canceled by the mortgagees, was absolutely protected in the loan made to the holders of the notes secured by the King deed of trust.

In *Morton v. Blades,* 144 N. C., 34, the Court used this language, the opinion being written by the distinguished author of the Connor Act: "It appears from the statement of his Honor, in the case on appeal, that the plaintiffs relied, in support of their motion, on the fact that the assignment had not been registered. We concur with his Honor that as between the parties and their heirs it was not required to be registered. Treating it as a deed of conveyance carrying the legal title, we know of no statute or decision requiring its registration, *when the rights of no creditors or purchasers intervene.*" In this case the notes secured by the mortgage were past due, and the mortgagees certified to the bank that they had been paid and satisfied and there was nothing which pointed to any transfer of the mortgage securing the same.

The plaintiff's counsel contends that in addition the bank should have required the mortgagee to produce the notes and mortgage. If the notes and mortgage had been paid the mortgagees would naturally not be in possession. They would legally have been delivered to the mortgagor, and there was nothing in the statute which required the creditor or purchaser to seek the mortgagor and inquire of him whether they had been paid. The second section of C. S., 2594, requiring cancellation, expressly provides that if not canceled by the mortgagee or trustee, that the mortgage or deed of trust, with the note secured, may be produced, and, if marked satisfied, the register of deeds shall mark the instrument canceled. Neither notes nor mortgages are required to be produced when the mortgagee in person makes or authorizes the cancellation.

It would seem that this defect in the statute might be remedied by legislation so as to require that the notes and mortgage shall be produced when the mortgagee enters the cancellation, but that is a matter for the legislative department.

The statute is plain, and in the absence of fraud participated in by the creditor or purchaser, if the statute is followed the creditor is protected by the entry of cancellation of the mortgage which, if made in the manner provided in the statute, is conclusive. Certainly the Connor Act applies to the registration of mortgages as against creditors and purchasers for value, which are included in the term "conveyances."

Mortgages have been uniformly held by this Court to be conveyances of the legal title, and require the formality of a conveyance in their assignment as against purchasers for value, and, therefore, as against purchasers, the legal title vested in the mortgagee comes within the provisions of the registration act. . Any protection against such result as has been produced in this case must be sought by appropriate action from the law-making department of the State.

Affirmed.