CITIZENS SAVINGS BANK & TRUST COMPANY v. JAMES W. WHITE AND MARY WHITE, HIS WIFE, W. R. SAULS AND R. W. LAMB, TRADING AS SAULS & LAMB AND E. D. SKINNER.

(Filed 11 March, 1925.)

1. **Bills and Notes—Negotiable Instruments—Due Course—Mortgages—Statutes.**

   Defendants, payees of a note, endorsed the note secured by mortgage on lands duly recorded to plaintiff in due course for value before maturity, and thereafter the equitable owners of the land sold and conveyed the same to another for value. *Held,* in the absence of agreement to the contrary, the endorsement of the note by the payee to the plaintiff carried the mortgage security, C. S., 3033, and the mortgagee held the legal title in trust for the plaintiff under the terms of the mortgage; and under a decree of sale by the court, with all parties at interest before the court, it becomes immaterial whether the plaintiff had no right to exercise the power of foreclosure.

2. **Same—Estoppel—Cancellation—Parties—Privies.**

   An equitable estoppel will not operate upon strangers thereto, and under the facts of this case: *Held,* the holder in due course of a note secured by mortgage was not estopped by the representations of the mortgagee that the mortgagor of lands had an unencumbered title therein, or the subsequent cancellation of the mortgage, when the mortgage secur-

ing the note had been duly executed and registered and the representation of the mortgagee was made without knowledge or consent of the holder of the note.

APPEAL by defendant Skinner from *Midyette, J.,* at October Term, 1924, of CRAVEN.

The plaintiffs alleged that on 29 November, 1918, the defendants James W. White and his wife executed to Sauls & Lamb their note in the sum of $850, due and payable one year after date, with interest from date at six per cent, and secured the payment thereof by a mortgage on ten acres of land; that the mortgage was duly recorded and the note endorsed to the plaintiff for value by Sauls & Lamb; and that thereafter White and his wife conveyed said land to the defendant Skinner.

White and his wife denied their alleged execution of the note and mortgage and admitted their conveyance of the land to Skinner for $1,000. They alleged that Skinner paid the purchase price ($1,000) to Sauls & Lamb who retained $795, the amount due them and paid the remaining $205 to the defendant White. They denied that the plaintiff was the holder of the note in due course.

Sauls & Lamb admitted receiving $1,000 from Skinner, but alleged that it was to be applied in payment on the amount due them by White on an open account.

The jury's answer to each of the following issues was "Yes":

1. Did the defendant J. W. White execute the note sued on in this action?

2. Did the defendant Mary White execute the note sued on in this action?

3. Did the defendant J. W. White execute and acknowledge the mortgage sued on in this action?

4. Did the defendant Mary White execute and acknowledge the mortgage sued on in this action?

5. Did the defendant R. W. Lamb tell E. D. Skinner at or before Skinner took a deed for it, that there were no encumbrances on the land?

6. Did E. D. Skinner pay R. W. Lamb one thousand dollars for J. W. White on the land?

7. Did the plaintiff bank become the holder of the note before maturity and for value?

8. Did the bank acquire said property without any notice of defect, if there was one?

Thereupon the defendant Skinner tendered a judgment awarding the plaintiff a recovery against all the defendants except himself of the amount due on the note and adjudging that Lamb's representation to Skinner that there was no encumbrance on the land and the acceptance

by Sauls & Lamb of the purchase price and their failure to convey to the plaintiff by registered conveyance the title held by them as mortgagees worked an equitable estoppel upon them and the plaintiff and adjudging, further, that the mortgage be canceled.

The court declined to sign this judgment, but entered judgment in behalf of the plaintiff for the face of the note and interest and decreeing a foreclosure of the mortgage in default of payment. The defendant Skinner excepted and appealed.

*Moore & Dunn and Whitehurst & Barden for plaintiff.*
*R. A. Nunn for defendant.*

ADAMS, J. In the note sued on—executed by James W. White and Mary E. White to Sauls & Lamb—there is the clause, "This note is secured by mortgage on real estate in Craven County." By proper endorsement of the payees the plaintiff became a holder of the note in due course; but as the mortgage was not transferred or assigned the legal title to the mortgaged property remained in the mortgagees. In these circumstances the plaintiff held the note without notice of any infirmity in it or any defect in the title of the payees, and in the absence of an agreement to the contrary the security followed the note. C. S., 3033; *Jones v. Ashford,* 79 N. C., 173; *Miller v. Hoyle,* 41 N. C., 270. The mortgagees held the legal title in trust for the benefit of the plaintiff who, as holder of the note, was vested with an equity to have the land sold under the mortgage and the proceeds applied in payment of the debt. *Hyman v. Devereux,* 63 N. C., 624, 629; *Williams v. Teachey,* 85 N. C., 402; *Kiff v. Weaver,* 94 N. C., 274; *Jenkins v. Wilkinson,* 113 N. C., 532; *Baber v. Hanie,* 163 N. C., 588; *Stevens v. Turlington,* 186 N. C., 191.

It is immaterial that the plaintiff had no right to exercise the power of sale in the absence of a proper transfer of the mortgaged property by the mortgagees, because all interested parties were before the court when the decree of foreclosure was made. *Weil v. Davis,* 168 N. C., 298; *Bank v. Sauls,* 183 N. C., 165.

But the appellant contends that these principles are not applicable in the instant case for the reason that before making the purchase he was assured by one of the mortgagees that there was no encumbrance upon the land and that he paid the purchase price to the mortgagees at the request of the mortgagor and accepted the deed upon this assurance. In support of this position he relies chiefly on *Bank v. Sauls, supra.* There it appeared that the defendant J. L. Sauls had executed his promissory note for $6,000 to Sauls & Lamb and had secured its payment by a mortgage on land in Craven County, the mortgage having been

duly registered; that the mortgagees had thereafter obtained a loan of $4,000 from the First National Bank of Kinston and had delivered the notes and the mortgage to the bank as collateral security, but that the mortgage had not been assigned; that sometime thereafter the defendant Sauls had conveyed the same land to Lafayette King and his wife, by whom a deed of trust had been executed to Dunn, trustee, to secure the notes for the purchase money. It appeared, further, that Sauls & Lamb, mortgagees, had canceled the record of the first mortgage in accordance with the statute (C. S., 2594 (1); and that after such cancellation they had obtained a loan of $8,500 from the Peoples Bank of New Bern by placing as collateral security for such loan the notes executed by King and his wife and secured by the deed of trust to Dunn. It was shown also that the mortgage had been canceled without the permission or knowledge of the First National Bank of Kinston.

The court held that as the legal title to the land conveyed by the mortgage to Sauls & Lamb had never been divested by a transfer or assignment of the mortgage to the First National Bank of Kinston the cancellation of the registration by the mortgagees was effective and that the Peoples Bank of New Bern was thereby protected. In the opinion it is said: "The Peoples Bank of New Bern had the records of the county examined and, finding therein the mortgage to Sauls & Lamb properly canceled by the mortgagees, was absolutely protected in the loan made to the holders of the notes secured by the King deed of trust."

In that case and in *Guano Co. v. Walston,* 187 N. C., 667, there was a proper cancellation of the registered instrument; but not so in the case before us. The registered mortgage was constructive notice to all who were interested in the mortgaged property or dealt in reference to it with the parties of record. C. S., 3311; *Smith v. Fuller,* 152 N. C., 7.

Sauls & Lamb, mortgagees, did not join in the conveyance executed to Skinner by J. W. White, mortgagor, and his wife; but the appellant contends that Lamb's alleged false representation had the effect of canceling the mortgage. He rests this contention upon the doctrine of equitable estoppel, for he does not claim a formal cancellation either at common law or under the statute.

If it be granted that Sauls & Lamb as between themselves and Skinner are estopped by Lamb's representation, concerning which we express no opinion, it does not necessarily follow that the plaintiff's equity of foreclosure is thereby defeated. The rule is that only parties and privies to the representation relied on are affected by an estoppel in *pais.* It is not suggested that the plaintiff was a party to the communication between Skinner and Lamb or that it had any knowledge of the transaction between them; and as to alleged deceit it can hardly be

insisted there was any privity between the plaintiff and the mortgagees. Bigelow says: "In the law of estoppel one person becomes privy to another (1) by succeeding to the position of that other as regards the subject of the estoppel, (2) by holding in subordination to that other. . . . Thus, to give an illustration of privity by succession, an assignee is not estopped by judgment against his assignor in a suit by or against the assignor alone, instituted after the assignment was made, though if the judgment had preceded the assignment the case would have been different." Estoppel, 158.

The same principle is stated in 21 C. J., 1182: "A person in privity is bound by an estoppel because he comes in after the fact creating the estoppel by succession or representation to the original title or interests. . . . The general rule is that a grantee will not be estopped by any act, conduct, declaration of his grantor of which he has no notice or which is subsequent to his conveyance."

Since the plaintiff held the note as an innocent purchaser for value and was vested with an equitable right to demand a sale of the mortgaged land, the legal title to which the mortgagees held in trust for his benefit, and, moreover, had no knowledge of the alleged fraud we are of opinion that the equitable estoppel relied on by the defendant is not effective against the plaintiff and that his Honor was correct in declining to sign the judgment tendered by the defendant.

We presume it will readily be conceded that *Stevens v. Turlington,* 186 N. C., 191, is not decisive of the question presented here; and in *Finance Co. v. Cotton Mills Co.,* 187 N. C., 233, it is said that evidence of an unwritten release of the mortgage would become material only in the event the jury should find that the plaintiff was not the holder of the note in due course. In our case this contingency is met by the verdict of the jury. We find