PLATO COLLINS ET AL. v. CHARLES F. DUNN ET AL.

(Filed 17 March, 1926.)

**Taxation—Deeds and Conveyances—Sales—Mortgages—Notice.**

> The claimant of land under a deed for nonpayment of taxes must show the prior notice of the sale as required by statute, with sufficient description to identify the lands, as against a purchaser at a foreclosure sale under the power contained in a mortgage registered at the time.

APPEAL by defendant, Charles F. Dunn, from *Barnhill, J.,* at November Term, 1925, of LENOIR. No error.

Action to remove cloud upon title to land, situate in the city of Kinston, N. C. Frank Murrill, as owner of the land described in the complaint, listed the same for taxation for the year 1921. At the time the land was so listed, it was subject to a deed of trust, executed by Frank Murrill, conveying the same to John G. Dawson, trustee, to secure notes executed by Frank Murrill, payable to Plato Collins. These notes were endorsed and assigned by Plato Collins to the First National Bank of Kinston as collateral security for his note to said bank. Neither Collins' note to the bank, nor the collateral notes have been paid. The deed of trust was duly recorded.

The land was sold on 6 June, 1922, by the city tax collector of the city of Kinston for the collection of taxes assessed thereon as due the said city. Defendant, Charles F. Dunn, now claims title to said land under deed dated ...... day of June, 1923, executed by said city tax collector, purporting to convey same to him. This deed has been duly recorded in the office of the register of deeds of Lenoir County, in Book 76, at page 330.

Plaintiffs seek by this action to have said deed declared void and canceled as a cloud upon their title, under the deed of trust from Frank Murrill to John G. Dawson, trustee. Issues submitted to the jury, without objection, were answered in accordance with contentions of plaintiffs. From judgment upon the verdict, defendant, Charles F. Dunn, appealed.

*F. E. Wallace for plaintiffs.*
*Charles F. Dunn in propria persona.*

PER CURIAM. The evidence offered by plaintiffs was sufficient to sustain the allegations of their complaint. There was no error in the refusal of the court to allow the motion of defendant for judgment of nonsuit, at the close of the evidence. The legal title to the land was in John G. Dawson, trustee, for the holder of the notes secured therein; there was no evidence that the notes had been paid or discharged. The demurrer *ore*

*tenus* for misjoinder of parties and because the complaint did not state a cause of action cannot be sustained.

Evidence offered by defendant, Dunn, to sustain his contentions that he is the owner of the land by virtue of a deed executed by the city tax collector of the city of Kinston was not of sufficient probative force to show compliance by him, as purchaser at the tax sale, with the provisions of the statute, relative to notice. C. S., 8028. There was no evidence of notice to John G. Dawson, trustee, who held the legal title to the land, or to Plato Collins, the payee named in the notes secured in the deed of trust. There is no contention that notice was served on the trustee; he testified that no notice was given to him by Dunn or by any one else that the land had been sold for taxes. The receipt for a registered package, signed in the name of Mr. Collins, by his wife, conceding that it is evidence that Mr. Collins received the package, proves nothing more; defendant offered no evidence as to the contents of the package. Mr. Collins testified that he had no notice of the sale of the land for taxes. The receipted bill for the publication of a notice in the *Kinston Free Press,* at most, is evidence only that some notice published in said paper, was paid for by Dunn; there was no evidence as to what the notice was. The affidavit offered by defendant, was to the effect that he had purchased "the land of Frank Murrill at a sale" made by the city tax collector on 6 June, 1923; this was not a sufficient description of the land, nor is the description of the land in the certificate of the city tax collector, to wit: '1 lot of land listed by Frank Murrill,'" sufficient. Defendant offered no evidence in aid of the description in the certificate or in the affidavit.

There is no error in the charge of the court; assignments of error based upon exceptions to portions of the charge as indicated are not sustained. The judgment must be

Affirmed.