CHARLES F. DUNN v. VICTORIA JONES.

(Filed 6 October, 1926.)

**Deeds and Conveyances—Tax Deeds—Mortgages—Statutes.**

In order to the validity of a tax deed as against one who has since acquired title to the lands by foreclosure sale under the power in a mortgage, existing at the time, the notice required by C. S., 8028 must have been given the mortgagee, the land must be sufficiently described in the tax collector's certificate, and in the plaintiff's affidavit, and the statutory notice properly shown to have been given the defendant.

CIVIL ACTION before *Bond, J.,* at June Term, 1926, of LENOIR.

Plaintiff brought suit against the defendant for possession of a lot of land in the city of Kinston, claiming to be the owner of the land by virtue of a tax deed made by W. B. Coleman, city tax clerk and tax collector for the city of Kinston. The defendant resisted the claim of the plaintiff on the ground that the tax deed was not executed in compliance with the statute. On 16 June, 1914, F. I. Jones and wife executed a mortgage on the land in dispute to J. G. Banton, cashier, Holloway, Murphy & Co., bankers of the county of Lenoir. The land was sold for taxes by the city of Kinston on 6 June, 1922, and purchased by J. G. Banton, cashier of said bank. Thereafter, on 22 January, 1923, Banton

transferred the note and mortgage to the defendant, Victoria Jones. Thereafter, on 28 February, 1923, Banton sold the tax certificate to the plaintiff.

The affidavit of the plaintiff described the land as "land of Fred I. Jones, deceased." The certificate from Coleman, tax collector, described the land as follows: "One lot of land listed by F. I. Jones." The transfer of the mortgage from Banton, mortgagee, to the defendant was as follows: "For value received, this mortgage and note transferred to Victoria Jones. J. G. Banton, cashier, Peoples Bank, 1/22/23."

At the conclusion of all the evidence the trial judge dismissed the action and the plaintiff appealed.

*Charles F. Dunn, in propria persona.*
*Shaw, Jones & Jones for defendant.*

PER CURIAM. The plaintiff in his brief says: "When the rich young ruler went to Christ and asked what he should do to inherit eternal life, the Great Teacher told him how he could do so, and the young ruler told Christ that he had done all of the things enumerated, and asked the Master, 'What lacketh I now?' and the Great Teacher told him what he should do in addition to what he had done. I most respectfully contend that I have done what is laid down in the statutes in cases of this kind, and I most respectfully ask this Court, 'What lacketh I now?' "

In the first place, the plaintiff "lacks" an accurate reference to the rich young ruler as will appear from an examination of the record. Mark, 10:17-23; Luke, 18:18-23. The Biblical record discloses that the rich young ruler lacked only one thing; while, on the other hand, the title of plaintiff lacks several essentials to a valid tax title.

1st. There is no notice to the mortgagee Banton or Holloway, Murphy & Co. as required by statute. The assignment of the mortgage, not purporting to act upon the land, does not pass the estate of the mortgagee in the land. C. S., 8028; *Williams v. Teachey,* 85 N. C., 402; *Weil v. Davis,* 168 N. C., 298; *Banks v. Sauls,* 183 N. C., 165; *Trust Co. v. White,* 189 N. C., 281; *Collins v. Dunn,* 191 N. C., 429; *Price v. Slagle,* 189 N. C., 757.

2nd. The certificate of the city tax collector contained no sufficient description of the land as required by statute. *Collins v. Dunn,* 191 N. C., 429.

3rd. The affidavit of the plaintiff does not sufficiently describe the land as required by law, the only description of the land in the affidavit being "land of Fred I. Jones." *Collins v. Dunn,* 191 N. C., 429; *Price v. Slagle,* 189 N. C., 757.

4th. There is no evidence of proper statutory notice to the defendant, Victoria Jones. The receipt of a registered package alone, and without evidence that the package contained the alleged notice, is insufficient. *Collins v. Dunn,* 191 N. C., 429.

The Biblical record in Luke, 18:18-23, states that when the rich young ruler heard the words of the Master "he was very sorrowful; for he was very rich." In the case under consideration, if the plaintiff is sorrowful, by reason of this decision, it is because he has failed to observe and strictly comply with the statutes determining the validity of tax titles.

Affirmed.