## Farmers' National Bank of Somerset v. Dodson.

(Decided May 27, 1930.)

W. B. MORROW for appellant.

WALTER N. FLIPPIN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee instituted her action seeking to recover from appellant a judgment for $1,619.28, which she alleged was due her by reason of certain transactions that she had with the bank. She alleged that on the 8th day of April, 1926, she made a time deposit amounting to $2,210.35, and that at the time of receiving the deposit appellant agreed to pay her interest at the rate of 4 per

cent. per annum payable on the last day of June and the last day of December each year, and that the accumulated interest should be added to her deposit on these dates. She was given the right to add to or deduct from the amount of her deposit so made. It is alleged that on June 30, 1927, there was to her credit $1,573.51, and that thereafter, without her knowledge or consent, appellant withdrew from her account and appropriated to its own use $1,573, leaving to her credit only the sum of 51 cents. It was alleged that the accumulated interest from June 30, 1927, until the 31st day of December, 1928, under the agreement she had with the bank, brought the amount to which she was entitled up to $1,669.79 which appellant had failed and refused to pay to her upon demand.

Appellant denied that it wrongfully, or without right, withdrew from the account of appellee $1,573, or any other sum, but admitted in the answer that it charged up to her account the sum mentioned and notified her at the time of its intention so to do, that $955 of the sum was credited on a note on which her husband, M. A. Dodson, was liable, and that $618 was credited on a note of her husband which was cancelled and delivered to and accepted by appellee, and that she made no objection to the action of the bank in so appropriating her account.

By reply, appellee denied that she was notified by appellant of its intention to so apply her account, or that the note for $618 was canceled or delivered to or accepted by her, or that she made no objection to what had been done by appellant. An amended answer was filed by appellant. It was reiterated that the $1,573 was charged to appellee's account to satisfy an indebtedness of her deceased husband, M. A. Dodson, and that, after the indebtedness of her husband had been satisfied in this manner, she made claim against the estate of her husband for the sum which was allowed to her as a preferred claim, and that she obtained credit for that sum in a settlement which she made with the commissioner of the court. A copy of the settlement is referred to with the allegation that it would be filed along with a copy of the report of claims allowed, but neither of the papers referred to is found in the record. By her conduct in ratifying the appropriation of her money by appellant to pay the debts of her husband, and by making claim against the estate of her husband for the sum which was allowed as preferred claim, she was estopped, so it was

alleged in the amended answer, from seeking a recovery of appellant.

The case came on for trial, and, after the hearing of the evidence, the court sustained a motion for a peremptory instruction, and the jury was instructed to return a verdict in favor of appellee for the amount claimed upon the ground that the answer did not state facts sufficient to constitute defense. Before judgment was entered, however, appellant asked and was granted permission to file a second amended answer in which it was alleged that it did not have knowledge or information sufficient to form a belief as to whether the money claimed by appellee was her own or belonged to the estate of her husband. Appellee then filed a general demurrer to the petition as amended. When the jury was again assembled, appellee renewed her motion for a peremptory instruction based on the ground that the answer as amended did not state facts sufficient to constitute a defense. The court overruled the motion and ordered the case to proceed. It was then that the general demurrer was filed to the answer as amended, and the court sustained the demurrer to each paragraph of the original answer and overruled the demurrer to both the amended answer and the second amended answer as is shown by the record. After having, in effect, held that the amended answer and the second amended answer alleged sufficient facts to constitute a good defense to the cause of action, the court ruled that the burden of proof was on the appellant.

The case proceeded, and the evidence was heard, when at the conclusion of the testimony appellee again moved the court to instruct the jury to return a verdict in her favor, and the court sustained the motion. Judgment was entered accordingly for $1,669.28, with interest at the rate of 6 per cent. per annum from June 30, 1927, until paid.

Before proceeding further, it is as well to dispose of the argument advanced by counsel for appellant that the court erred in placing the burden of proof. We do not think so. Appellant admitted that the money had been placed to the credit of appellee and that it had applied the money to the discharge of certain notes. It could not justify this conduct other than by establishing that appellee consented to what was done, or that by her acts and conduct she had ratified what was done, or had done something which would estop her from claiming a recovery of the money. The second amended petition is not

material and does not appear to have raised any new question. In so far as it attempted to raise question as to the ownership of the money, it was probably insufficient, but, if it was sufficient, it was a denial that the money in the bank to the credit of appellee belonged to her. The fact that it was to her credit in the bank placed there by her and accepted by the bank was sufficient to place the burden on appellant, if it desired to go into the question in an effort to show that the money belonged to the estate of the husband. The only defense alleged was in the first amended answer, in which the allegation was made that, after the payment of this sum of money on the debts of the husband, appellee ratified and acquiesced in what had been done and filed a claim aginst the estate of her husband for the sum which was allowed as a preferred claim. The burden was on appellant to establish the allegations of its answer.

There is another argument that may be disposed of here, and that is that the amount of interest allowed in the judgment was too large. It is not denied by the bank that the money was placed with it on time deposit and that the interest calculated at 4 per cent. was to be calculated at biennial rests and added to the principal. The chief complaint on this point is that the interest that the judgment should bear from the date of its entry should have been 4 per cent. instead of 6 per cent., but that is not correct. If the bank without right appropriated the money, appellee is entitled to recover the legal rate of interest from the date that the money was wrongfully appropriated, and this appears to have been the effect of final judgment after the first judgment was set aside.

The only question that is material is whether the court should have submitted the case to the jury, and that depends upon whether the first amended answer stated a good defense, and, if it did, whether there was any proof to sustain it. The allegations are to the effect that appellee was notified that the money had been placed to her credit and that she acquiesced in what had been done and filed her claim against the estate of her husband for the sum which the bank had appropriated, and that the claim was allowed as a preferred claim. That her husband was indebted to the bank is not disputed, and that the money was used to pay notes which he was obligated to pay stands admitted by the record. When she accepted what had been done by the bank, as she did when she

522

filed a claim for the amount against the estate of her husband, she could not without some reason therefor thereafter make a claim against the bank for the amount. There is no pleading that the bank practiced any fraud on her or that she did not understand the facts, and there is no contention that the estate of the husband was insolvent. If the estate of the husband was solvent, it really made little difference whether she paid the debt and collected from the estate of her husband, or whether the bank collected directly from the estate.

It is true that, in order to create an estoppel, the party sought to be estopped must have knowledge of the transaction relied on and with such knowledge he must have done something which misled the other party to his prejudice. Saylor v. Kentucky-Cardinal Coal Corporation, 205 Ky. 724, 266 S. W. 388, 50 A. L. R. 666; Scottsville Oil Co. v. Dye Bros., 203 Ky. 496, 262 S. W. 615; Jett v. Jett, 171 Ky. 548, 188 S. W. 669; Lockard v. Kentland, etc., Co., 182 Ky. 673 207, S. W. 18; Bush v. Chenault, 175 Ky. 598, 194 S. W. 777; Milliken v. Haner, 184 Ky. 694, 212 S. W. 605.

It is established by the evidence that the claim made against the estate of her husband by appellee for the sum of money which the bank appropriated was allowed as a preferred claim. If it was a preferred claim in the hands of appellee, we see no reason why it would not have been a preferred claim if it had remained in the hands of appellant. If it was a preferred claim and was allowed as such appellee received, or will receive, the money from the estate of her husband if the estate is sufficient to pay the preferred claims. The evidence on this point is very unsatisfactory. The records referred to as having been filed are not before us, but, when appellee was asked the direct question whether the estate of her husband was sufficient to pay all preferred claims, her reply was, ''I guess so.'' There seems to be no evidence to the contrary. As the record was made up, there was a question for the jury to determine, and that was whether appellee had collected a sum from her husband's estate equal to the sum which had been appropriated by the bank to the payment of his debts, or, if she had not collected it, whether the estate was solvent and she would collect it. If the jury should believe, from the evidence, that she has collected or will collect the money from the estate of her husband, she has no claim against the bank. If she has not and cannot collect it from the estate of her

husband, we cannot determine what should be done, as the facts are not sufficiently disclosed by the record. Upon a proper state of pleadings and a proper state of facts, she might be able to recover from the bank anything which she had lost by reason of the appropriation of her money to the payment of the debts of her husband.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.