## Kinnett v. Abrell.

(Decided Nov. 9, 1938.)

LILBURN PHELPS and KENNETH J. LAWLESS for appellant.
GORDON MONTGOMERY for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This suit began as an action in ejectment and ended as one to quiet title to a small tract of land in Russell county.

On November 25, 1913, Joe Kinnett and wife conveyed to W. E. Kinnett and Arsis Kinnett, his wife, a life estate in two tracts of land, containing 26 acres, and upon the death of the survivor to Elisha Kinnett in fee. W. E. Kinnett and Arsis Kinnett were the parents of Joe Kinnett and Elisha Kinnett. After the deed was executed, Elisha Kinnett, his wife and two children lived on the land until 1916 when they moved to Illinois, where they resided about nine months. Mrs. Kinnett

and the two children returned to Russell county, Kentucky, and Elisha Kinnett continued to live in Illinois until 1921, when he went to California. During the next few years he communicated intermittently with members of his family, but for at least ten years prior to January, 1935, they had not heard from him and did not know whether he was dead or alive. On March 5, 1932, Avery Kinnett executed a deed to his brother William Kinnett in which he undertook to convey his interest in the land conveyed to their father, Elisha Kinnett, in 1913, subject to the life estate of W. E. Kinnett and Arsis Kinnett. The life tenants had died prior to the execution of the deed from Avery Kinnett to his brother. The deed contained this clause:

"The grantor herein is a son and heir of the said Elisha Kinnett, who abandoned his home in Kentucky more than 7 years ago, and has not been heard of nor from since and who is presumed to be dead under Kentucky Statute No. 1639."

On February 18, 1932, Mollie Kinnett, wife of Elisha Kinnett and mother of Avery and William Kinnett, executed a deed to her son William Kinnett in which she undertook to convey to him her dower interest in the land. The deed contained the following clause:

"Mollie Kinnett, the grantor herein, says that she is the widow of Elisha Kinnett who was the owner in fee simple of this real estate and that he left the State of Kentucky his home February 15, 1916, and has not returned, and that he has not been heard from during that time by her or his children, relatives, or friends and neighbors, and that his only heirs are Avery Kinnett and William Kinnett, the grantee herein and that these are the only children and heirs at law of her departed husband and that she is entitled to a dower interest therein."

On January 12, 1935, William Kinnett conveyed the land to appellee, Myrtle Abrell, for $400. The deed referred to the deeds executed by the grantor's mother and brother. It is shown by the proof that appellee went to the clerk's office, examined the records, consulted with an attorney concerning the condition of the title, and accepted the deed with knowledge of all the facts. Elisha Kinnett returned to Kentucky in October, 1935, and on January 8, 1936, brought this action

against Myrtle Abrell to obtain possession of the land and for damages for various alleged acts of trespass. The first paragraph of the defendant's answer was a traverse, and in the second paragraph she set out the facts concerning the plaintiff's absence from the state of Kentucky and the execution of the deeds by his wife and children in the belief that he was dead, and alleged that she became the owner of the land by purchase from William Kinnett for a valuable and adequate consideration which she paid in cash. A demurrer to this paragraph of the answer was properly sustained. In the third paragraph she counterclaimed for improvements alleged to have been made by her in the event she was adjudged not to be the owner. In an amended answer and counterclaim she alleged that the plaintiff had received from his son, William Kinnett, $150 of the purchase money paid by her, and that he was estopped from claiming ownership of the land. She asked for a judgment against the plaintiff in the sum of $150, and that she be adjudged a lien on the land to secure its payment in the event she was adjudged not to be the owner. In his reply, the plaintiff traversed the affirmative averments of the answer, and asked that his title to the land be quieted. We find no order transferring the case to the equity docket, but it was tried as an equity case, and a judgment was rendered declaring the defendant to be the "owner and entitled to the possession of the land deeded to her by Willie Kinnett on the 25th day of January, 1935," and the plaintiff's petition was dismissed. The chancellor assigned as a reason for adjudging Mrs. Abrell to be the owner of the land the fact that Elisha Kinnett had received and withheld $150 of the purchase money paid by Mrs. Abrell which estopped him from claiming the land. The plaintiff has appealed.

The undisputed evidence shows that appellant had no knowledge of the sale of the land by his son until his return to Kentucky in October, 1935, more than nine months after the transaction occurred. Several months after the sale, Joe Kinnett received a letter from his brother, Elisha Kinnett, who was then in Los Angeles, California. He forwarded the letter to Elisha Kinnett's son, William Kinnett, in Cincinnati, and a correspondence developed between father and son which resulted in a loan of $150 to Elisha Kinnett by his son to defray the former's traveling expenses to Cincinnati, Ohio. After

his return, he learned for the first time that his land had been sold. When William Kinnett's deposition was taken, he testified that he loaned his father $150, and that this money was part of the money received by him from appellee in payment for the land. Both he and appellant testified that nothing was said concerning the source of the money, and the latter testified that he did not know it was part of the money paid to his son by appellee at the time this action was instituted. Letters and telegrams which passed between father and son during the negotiations for the loan were filed as exhibits, and no mention is made in them of the land or the fact that it had been sold. The deeds of appellant's wife and children conveyed no interest in the land, and the chancellor erred in decreeing ownership to appellee on the ground of estoppel. One element of an equitable estoppel is that the person claiming it must have been misled to his injury if the estoppel is not declared. Here the appellee had parted with her money through no representation or attitude of appellant. She was not induced to alter her position by any act of his. The predicate of the estoppel is that appellant received part of the money erroneously paid by the appellee to William Kinnett, who undertook to convey her the land. When appellant received the money as a loan from his son, he was without knowledge or notice of the rights of appellee, and, consequently, his receipt of the money was not the acceptance of any benefit from the transaction which would create an estoppel. "In order to create an estoppel, the party sought to be estopped must have knowledge of the transaction relied on and with such knowledge he must have done something which misled the other party to his prejudice." Farmers' Nat. Bank of Somerset v. Dodson, 234 Ky. 518, 28 S. W. (2d) 777, 779; Dees' Adm'r v. Dees' Ex'r, 249 Ky. 650, 61 S. W. (2d) 301; Rice v. Rice, 243 Ky. 837, 50 S. W. (2d) 26; Hodge Tobacco Co. v. Sexton, 166 Ky. 219, 179 S. W. 36. The most that the court could have done under the circumstances was to adjudge appellee a lien on the land for $150, and appellant practically concedes that this could and should have been done. Appellant admits that he owes William Kinnett $150, and it is conceded that William Kinnett is indebted to appellee for the money which he received from her. The court should have quieted appellant's title to the land, but should

have adjudged a lien on the land for $150 in favor of appellee.

There was no evidence to sustain appellant's claim for damages to the land, and the value of the improvements claimed to have been made by appellee did not exceed the rental value of the land.

The judgment is reversed, with directions to enter a judgment in conformity herewith.