## Inter-Mountain Coal & Lumber Co. v. Lewis et al.

November 8, 1946.

C. W. Hoskins for appellant.

Will C. Hoskins for appellees.

Opinion of the Court by Judge Cammack—Reversing.

This appeal involves a conflict of two land patents, which were originally surveyed in Clay County. The two tracts were surveyed by A. W. Chastain on March 17, 1870, and the patents were issued on August 4th of that year. The lands are now in Leslie County, which was established in 1878. There is no direct evidence in the record showing which survey was made first, but it is shown that Chastain, who was surveyor for Clay County, originally owned the warrants under which the surveys were made. He had a 200 acre warrant, one-half of

which he assigned to Jackson Lewis, Jr., predecessor in title of the appellees and defendants below, and the other half to Mary Slusher and the heirs of J. G. Slusher. Chastain also held a warrant under which his own survey was made. The Chastain and Lewis patents overlap to the extent of about 25 acres. When Chastain made the survey for Lewis he was called upon to lay off for him 100 acres of unclaimed land. The Lewis survey makes no reference to landmarks of any other patent. On the other hand, the Chastain survey refers to a previous survey made for John M. Slusher, Jr. This would indicate to some extent that the Lewis survey was made first. But we do not believe the turning point of the case is dependent upon which of the surveys was made first. If the Lewis survey was the first one, then Chastain should not have lapped his survey on that of Lewis, and he would have been estopped to assert any claim to the overlap aganist Lewis. On the other hand, if he made his own survey first and then so surveyed Lewis's tract as to cause it to overlap to the extent of 25 acres on that of his own, he did not perform his duty, namely, survey 100 acres of unclaimed land for Lewis. Chastain would have been liable to Lewis on his bond, or he would have been estopped to assert any claim to the overlap against Lewis.

But the question is, can this estoppel be asserted against Chastain's remote grantees? We think not. This was clearly a case of an equitable estoppel, and, since there is nothing of record to put the remote grantees on notice, and there are no facts in the record which would charge them with notice, it can not be asserted against the appellant. Webb v. Hardaway, Ky., 121 S. W. 669; Kenyon Realty Co. v. National Deposit Bank, 140 Ky. 133, 130 S. W. 965, 31 L. R. A., N. S., 169; Kinnett v. Abrell, 275 Ky. 276, 121 S. W. 2d 699.

The record contains a stipulation between the parties to the effect that, if the court does not find the defense of estoppel to be effective under the facts presented, the parties have agreed to an equal division of the overlap in controversy. In view of this stipulation, and because the appellant has shown title only of equal dignity to that of the appellees, it is our view that a partition of the overlap should be decreed in accordance with the stipulation.

Judgment reversed, with directions to set it aside and for the entry of a judgment in conformity with this opinion.