Alton Benton HANKINS, Jr., and Linda Hankins, Plaintiffs-Respondents,

v.

OZARK FOREST PRODUCTS, A DIVISION OF LOVE BOX COMPANY, INC., a Kansas Corporation, Defendant-Appellant.

No. 12917.

Missouri Court of Appeals, Southern District, Division One.

Sept. 26, 1983.

James E. Brown, Kansas City, for defendant-appellant.

Abe R. Paul, Paul & Paul, Pineville, for plaintiffs-respondents.

1. All references to statutes are to RSMo 1978,

FLANIGAN, Presiding Judge.

Plaintiffs Alton Hankins, Jr. and Linda Hankins, his wife, owners of land in McDonald County, brought this action against defendant Love Box Company, Inc., based on an incident which occurred on March 9, 1982, in which employees of defendant entered the land and cut approximately 62 trees. Count I of the petition sought judgment "for recovery of said premises" together with damages "for unlawfully withholding the same." Count II of the petition sought actual damages "for the value of the trees taken and carried away and that the court treble the value of said damages as provided in § 537.340." [1]

The trial court, sitting without a jury, found the issues on Count I in favor of plaintiffs and awarded possession to plaintiffs but denied an award of damages. On Count II, the court found the issues in favor of plaintiffs "on plaintiffs' claim for trespass," and further found that the plaintiffs were damaged in the sum of $2,000 and that "under § 537.340 the damages should be trebled." The judgment on Count II was in favor of plaintiffs for $6,000. Defendant appeals.

Defendant's first contention is, in general, that defendant's entry was lawful under a "timber deed" executed on October 1, 1980, to defendant, as grantee, by Victoria Byars, as grantor, for these reasons: (a) Victoria Byars, on October 1, 1980, was the owner of the land subject to the lien of a deed of trust held by the Bank of Bentonville, the deed of trust having been executed on April 3, 1979; (b) the Bank of Bentonville, through its employee Tim Summers, consented, as mortgagee, to the execution of the timber deed by its mortgagor Victoria Byars; (c) such consent would estop the bank from challenging defendant for exercising its rights under the timber deed, and (d) plaintiffs Hankins, as grantees of the bank, are similarly estopped because their grantor, the bank, was estopped.

V.A.M.S.

The following transactions, involving the land on which the trees were cut, are material to the issues in this appeal:

April 3, 1979—Victoria Byars (and her then husband), as owner of the land, executed a deed of trust in favor of the Bank of Bentonville and the instrument was promptly recorded.

October 1, 1980—Victoria Byars executed and delivered to defendant, as grantee, a "timber deed." Under this document, which was also duly recorded, defendant was given the right to enter the land and cut and remove timber "within a period of 18 months from October 1, 1980."

February 26, 1981—Mrs. Byars having defaulted on the note secured by the deed of trust, the bank foreclosed, bid in at the sale, and received a trustee's deed naming the bank as grantee.

October 2, 1981—The bank sold the land to plaintiff Hankins and wife. Hankins knew of the timber deed prior to his purchase but had been advised by an attorney that the timber deed was no longer valid because the timber had not been severed prior to the foreclosure sale.

March 5, 1982—Defendant, by telegram, informed plaintiff Hankins of its intention to enter and cut the timber—Hankins, by a responsive telegram, objected to defendant's "proceeding with cutting and removing" and stated, "I know of no valid contract."

March 9, 1982—(still within the 18-month period named in the timber deed)—Defendant entered the land and cut approximately 62 trees. The cutting ceased when defendant was served with a temporary restraining order and this action ensued.

■ The deed of trust in favor of the Bank of Bentonville was a lien on the land at the time defendant received the timber deed. "Whenever a valid lien is in existence, the foreclosure wipes out of existence all titles subsequent in date to the first lien." *Meier v. Meier,* 105 Mo. 411, 16 S.W. 223, 227[1] (1891). To similar effect see *Stewart v. Miles,* 166 Mo. 174, 175, 65 S.W. 754 (Mo.1901). Thus it is understandable that defendant does not attempt to rely on the timber deed alone to justify its conduct. Defendant seeks to avoid the operation of the foregoing principle by claiming that plaintiffs, by reason of certain conduct on the part of the bank, were estopped to assert the priority of their title.

"Estoppel is an affirmative defense . . . and the burden of proof is upon the party asserting it. . . . Every fact essential to create it must be established by clear and satisfactory evidence. The doctrine ' * * * should be applied with great care and caution in each case, and only when all elements constituting an estoppel clearly appear. * * * ' Equitable estoppel cannot arise unless justice to the rights of others demands it." *Peerless Supply Co. v. Industrial Plumb. & Heat., Co.,* 460 S.W.2d 651 (Mo.1970).

Defendant's theory is that the bank, plaintiffs' grantor, would be estopped to challenge the lawfulness of defendant's entry under the timber deed because on October 1, 1980, the date the timber deed was executed, and immediately prior to its execution, Terry Porter, an agent of defendant, talked with Tim Summers, a vice president of the bank, and "Summers indicated his approval of the sale of the timber interest." Also on October 1, 1980, Summers, on behalf of the bank, wrote a letter to defendant, to the attention of Terry Porter, which reads: "Dear Mr. Porter: This is to confirm our conversation of today's date. We are aware of the timber deed between your corporation and Vikki Byars of McDonald County, Missouri, for approximately $4,000.00. We would appreciate your contacting us in the event of any other negotiations. Sincerely, Tim Summers."

Defendant's position is that the contents of the Summers-Porter conversation and the Summers-Porter letter constitute consent by the bank to defendant's entry under the timber deed, that the bank would be estopped from asserting the priority of its deed of trust and the title obtained under the trustee's deed, and that plaintiffs, as

grantees of the bank, are similarly estopped.

■ It is unnecessary to determine whether the bank, if it were the plaintiff, would be estopped to maintain this action. It is also unnecessary to determine whether the trial court erred, as defendant claims, in rejecting defendant's offer of proof with regard to the contents of the Summers-Porter conversation. Defendant's argument has no merit because there is no evidence that plaintiffs had any knowledge of the Summers-Porter conversation or the Summers-Porter letter when plaintiffs, as purchasers for value, obtained title to the land on October 2, 1981.

It is true that plaintiffs, when they received their deed, had actual knowledge of the timber deed and it is also true that the timber deed was then a matter of record. The foregoing facts of course are not inconsistent with plaintiffs' claim of priority. In order for plaintiffs to be estopped by the same facts which would estop the bank, it was incumbent upon defendant to prove plaintiffs had knowledge of those facts and the record is devoid of such proof.

■ The general rule is that a grantee will not be estopped by any act, conduct, or declaration of his grantor of which the grantee had no notice even though such act, conduct or declaration would support an estoppel against the grantor. *United States v. Chatham,* 298 F.2d 499 (4th Cir. 1962); *Inter-Mountain Coal & Lumber Co. v. Lewis,* 303 Ky. 270, 197 S.W.2d 438 (Ky. App.1946); *Chase v. Cochran,* 102 Me. 431, 67 A. 320 (1907); *Lido Colony Ass'n v. Shelbourne-Grand Hotel Co.,* Sup., 132 N.Y. S.2d 120 (1954); *Citizens' Savings Bank & Trust Co. v. White,* 189 N.C. 281, 126 S.E. 745 (1925); *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex. 1972); *Moran v. Wilkinson,* 211 Wis. 669, 247 N.W. 873 (1933); *McCarthy v. Union Pac. Ry. Co.,* 58 Wyo. 308, 131 P.2d 326 (1942); 28 Am.Jur.2d Estoppel and Waiver § 117, p. 176; 31 C.J.S. Estoppel § 133, p. 671.

In *Chatham* the court said, "[T]he policy of the recording acts prevents the assertion of an equitable defense, good against a predecessor in title, if the successor in title had no actual or constructive notice of the facts constituting the basis of the defense."

In *Chase* plaintiff's grantors wrote a letter which the defendant in a trespass action relied upon to support his defense that plaintiff was estopped to maintain the action. 67 A. at p. 322 the court said:

"Without discussing or deciding the adequacy of this statement to create an estoppel against the grantors, it is sufficient that there is no evidence that the plaintiff ever heard of this statement before purchasing. The plaintiff cannot be estopped by any act, conduct, or declaration of his grantors of which he had no notice. His grantors were in possession at the time of the conveyance to him, neither road nor bridge had been built, and their naked declarations cannot have a greater effect than would a prior unrecorded deed of which he had no notice."

The foregoing principle has been recognized, though found inapplicable under the facts, in *Thistle v. Buford,* 50 Mo. 278 (1872) where the court, referring to the doctrine of estoppel in pais, said: "Those in privity, *unless purchasers for a good consideration without notice,* labor under the same disability." (Emphasis added.)

Plaintiffs, as grantees of the bank, will not be estopped by their grantor's conduct or declarations, consisting of the Summers-Porter conversation and the Summers-Porter letter, when there is no showing that the plaintiffs, prior to their acquisition of title to the land as purchasers for value, had notice of such conduct or declarations. Defendant's first point has no merit.

■ Defendant's second point is that "the award of $2,000 damages is clearly erroneous and against the weight of the evidence." Defendant makes no claim that plaintiffs should receive "single damages only" on the theory that, under § 537.360, "defendant had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the

thing so taken, carried away, injured or destroyed was his own." Defendant's position is that the trial court's finding with respect to the actual damages was against the weight of the evidence.

This court has reviewed the evidence and the $2,000 award was well within the range of the evidence. "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron,* 536 S.W.2d 30, 32[2] (Mo. banc 1976). This court has no such firm belief. Defendant's second point has no merit.

The judgment is affirmed.

GREENE, C.J., and TITUS and CROW, JJ., concur.