## Louisville & Nashville R. R. Co. v. Hall, et al.

(Decided May 4, 1911.)

### Appeal from Hopkins Circuit Court.

Land—Condemnation Proceedings—Evidence—In proceedings to assess damages for land taken in condemnation proceedings, it is error to permit evidence to the effect that the building of a road would open up a highway for tramps who would lodge in the owner's house, or that passing trains would frighten horses and cattle, as such elements of damages are too remote and speculative.

2.  Measure of Damages—Instructions—It is error to give instructions authorizing a double assessment for certain elements of damage.

C. J. WADDILL, BENJAMIN D. WARFIELD and F. P. CALDWELL for appellant.

JNO. G. B. HALL for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The appellant, Louisville & Nashville Railroad Company, condemned 9 64-100 acres of land belonging to appellee, Helen Morton Hall. It appealed from the award of the commissioners to the Hopkins Circuit Court. There the jury, by its verdict, awarded appellee damages in the sum of $2,000. From the judgment predicated thereon, this appeal is prosecuted.

The first ground urged for reversal is that the court permitted John G. B. Hall, the husband of appellee, Helen Morton Hall, the owner of the land condemned, to testify in her behalf. As Mrs. Hall did not testify, her husband was a competent witness, for, by the express provision of section 606, subsection 1, of the Civil Code, an exception to the rule, that neither the husband nor the wife shall testify for the other, is made in those actions which might have been brought by or against the wife if she had been unmarried. In such actions, either, but not both, may testify.

The next error assigned is that the court permitted John G. B. Hall to testify, over appellant's objection, as follows:

"Then a great item in my estimation of the damage would be that it opens up a highway right through the very heart of the land for tramps. And when they get started through your land over that railroad—it is right in sight of the barn there; you can see the top of the barn there over the top of the corn, and without the corn it is in plain sight; tramps in my observation continually lodge in these barns around the railroads around the towns."

The rule is that remote, imaginary, uncertain and speculative damages should be disregarded. ( Lewis on Eminent Domain, section 739.) Here we are asked to hold as an element of damage, the fact that the construc-

tion of the road would open up a highway for tramps, and that if the tramps did come they would likely see the barn over the top of the corn, and would, therefore, make use of the barn as a lodging place. What would follow from such use of the barn is left entirely to the imagination. The mere statement of the proposition is sufficient to show that any injury that might result from the possibility of tramps coming, and the possibility of their seeing the barn and congregating there, is entirely too remote and speculative to constitute proper elements of damage.

The court also erred in permitting John G. B. Hall to make the following statement to the jury, over the objection of appellant:

"The running of the railroad by any man's land, cultivated for anything, is a continual damage to him; frightens the horses and cattle in the field, and everything like that taken into consideration, it damages the land."

In Lewis on Eminent Domain, section 739, we find the following:

"In case of a railroad through a farm the following were held not to be proper elements of damages; that laborers on the farm would likely stop work and look at passing trains; that mules in use would likely be frightened and run away; that deleterious grasses might be scattered over the land and that live stock might get on the track and be killed."

In our opinion, any injury that would result from frightening horses and cattle is of such character that it can not be estimated with any degree of certainty, and is not, therefore, a proper element of damages.

Complaint is also made of the instructions given by the trial court. Without copying in full the instructions so given, it is sufficient to say that they allowed the jury to assess twice for certain elements of damage.

Eliminating the question of fencing, which appellant offered in court to construct and maintain, the court should have told the jury, in the first instruction, that in estimating the direct damages they should allow such a sum as they deemed from the evidence is the fair and reasonable market value of the three strips of land taken, considering them in relation to the entire tract; also such other direct damages, if any, as directly result

to the remainder of the tract by reason of the situation in which it is placed by the taking of the three strips of land, and by such improvements, if any, as may be necessary to establish new means of ingress and egress to and from the buildings on the land to the Davis Well road, or may otherwise be necessary for the reasonable enjoyment of defendant's premises; but that their finding of direct damages should not exceed in all the amount which they may believe from the evidence is the difference between the market value of the entire tract immediately before, and the market value of the remainder immediately after the taking of the strips, excluding from both estimates any depreciation or enhancement of the land by reason of the prudent building or operation of the railroad.

By another instruction the court should have told the jury that they should also take into consideration all the advantages and disadvantages which may be reasonably anticipated to result from the prudent construction and operation of the proposed railroad; and if the balance be against the owner of the land, then to the extent that such balance diminishes its market value, they should also find for defendant incidental damages in addition to the direct damages referred to in the first instruction; but that if the incidental advantages or enhancement of the land in value from the prudent construction and operation of the railroad equal or exceed the incidental disadvantages or depreciation in value, they should find for the defendant only the direct damages as set out in the first instruction. (See the cases of Broadway Coal Mining Co. v. Smith, 136 Ky., 725, and Big Sandy Ry. Co. v. Dils, 120 Ky., 563.)

Judgment reversed and cause remanded for a new trial consistent with this opinion.