## Hodge Tobacco Company v. Sexton, et al.

(Decided October 15, 1915.)

### Appeal from Lyon Circuit Court.

1. Pleading—Reply Treated as Amended Petition.—Where the court and parties, in the trial court, treat a reply as an amended petition, it will be so considered by this court.
2. Pleading—Improper Statement of Cause of Action.—If a cause of action is improperly stated and recovery is sought against a defendant, in a reply, his remedy is a motion to strike out the objectionable matter from the reply, and not a demurrer.
3. Principal and Agent—Undisclosed Principal.—An undisclosed principal is bound by the acts of his agent, within the scope of his authority, to the same extent as a disclosed principal would be.

4.  Estoppel.—An estoppel is where one who is the owner of prop-
    erty or has a right, is precluded from claiming the property or
    asserting the right on account of some representation or act of
    his in regard to the property or right, which has induced an-
    other, not knowing the facts, to rely upon the representations or
    acts, and was thereby induced to do something to his prejudice.

5.  Estoppel—Real Owner Not Estopped from Asserting Title.—The
    mere fact that a creditor believes that property is owned by his
    debtor, and causes an attachment to be levied upon it, does not
    estop the real owner from asserting title to it, unless the owner
    has by his acts or silence, when he ought to have spoken, in-
    duced or caused the creditor to do some act to his prejudice, in
    regard to it.

WHEELER & HUGHES for appellant.

UTLEY & UTLEY for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellees, who were the plaintiffs below, by their petition, alleged that W. D. Whaley had procured a loan from the Citizens Bank of Kuttawa, in the sum of $250.00, and executed his note therefor, with the appellees as his sureties, and the note becoming due, and Whaley failing to pay it, they were compelled to and did satisfy the note, and sought a judgment against Whaley for the amount of the note with interest. They, also, alleged grounds for an attachment and obtained an attachment, which was levied upon a parcel of tobacco as the property of Whaley, to secure the payment of the judgment that they might recover. Whaley was the only defendant named in the petition, or against whom a recovery was sought. He filed an answer, in which he admitted all the allegations of the petition.

The appellant, Hodge Tobacco Company, filed a petition to be made a party, in which it alleged that it was the owner of the tobacco, which had been attached, and was the owner of it at the time the attachment was levied upon it, and that it had been purchased for it by Whaley, as its agent, and sought a dismissal of the attachment. By an order, the Hodge Tobacco Company was made a party defendant to the suit.

The appellees filed a reply, in which they admitted the tobacco was the property of the Hodge Tobacco Company, and was its property when the attachment was levied. They, also, alleged in another paragraph, that the agency of Whaley for the tobacco company was a

secret agency, or was not known and understood by the public at the time of the execution of the note by Whaley and they as his sureties, to the Citizens Bank; that the tobacco. company concealed the agency and allowed Whaley to do so, and that they never knew of the agency until the filing of the petition by the tobacco company to be made a party to the suit; that at the time they became the sureties, they believed that Whaley was intending to do a business upon his own account, and was borrowing the money to be put into the business in his own interest and right, and that the tobacco company was now estopped, by reason of said facts, from asserting ownership to the tobacco.

By another paragraph, they alleged that the appellant, through its agent, Whaley, had borrowed the money as an undisclosed principal for the purpose of using it in its business of buying tobacco, and that it was so used, and that Whaley's acts in borrowing the money were within the scope or apparent scope of his agency, and prayed a judgment against the Hodge Tobacco Company and Whaley for the amount of the note, and asked that the attachment be sustained. The appellant filed a general demurrer to the reply, and, also, demurred to each paragraph of it, all of which were overruled, and to which it saved exceptions. It then filed a rejoinder, traversing the allegations of the reply, and the case coming on for trial before the court and a jury, resulted in a verdict of the jury and judgment of the court against Whaley and the appellant for the sum of $225.00, and the costs of the action. The appellant filed grounds for a new trial, which being overruled, it excepted and now appeals to this court.

The appellant, also, moved the court to discharge the attachment upon the face of the papers of the case. Upon the trial at the conclusion of the testimony for the appellees, and, also, at the conclusion of all the testimony in the case, the appellant moved the court to peremporily instruct the jury to find a verdict for it, but these motions were both overruled, and to which the appellant excepted.

It is insisted by the appellant that the judgment against it ought to be reversed, because the court erred in not sustaining its demurrer to the reply and the different paragraphs of it; and because the court erred in overruling its motion for a direct verdict, and its failure to sustain its motion to discharge the attachment.

The only party of whom a recovery was sought, or against whom a cause of action was stated in the petition, was W. D. Whaley. The cause of action there relied upon.was the implied promise of Whaley to pay the amount of the note which they had, as sureties, been obliged to pay for him. The appellant was not mentioned in any way in the petition and no recovery sought of it in the petition. The only cause of action attempted to be stated against the appellant was in the reply of the appellees, and it was only therein that a recovery was sought against it.

By the provisions of Section 98, Subsections 1, 2, 3, and 4, of the Civil Code, it is very evident that under the state of case and the recovery here sought that a plaintiff can not maintain a cause of action and seek a recovery of one made a defendant by stating a cause of action and seeking a recovery from such person in a reply. According to the provisions of the Civil Code, the plaintiff must necessarily seek a recovery in his petition, or by an amended petition. The appellant, if it did not desire to contest upon the merits the cause of action stated against it in the reply, should have resorted to a motion to strike out such part of the reply as undertook to maintain a cause of action and a recovery against it, instead of undertaking to reach that question by a demurrer. The appellant, however, failed to make any motion to strike out from the reply, but filed a rejoinder, after its demurrer was overruled, in which it made an issue with the plaintiffs upon the cause of action stated against it. In the case of Ruffner v. Ridley, 81 Ky., 165, this court held, that where a reply is treated by the lower court and parties as an amended petition, it will be so treated by this court.

Persons giving credit to an agent, who has an undisclosed principal, may maintain an action against the principal for the moneys furnished, upon his discovery, and an undisclosed principal is bound by the acts of his agent within the scope of his agency, to the same extent as. a disclosed principal, and if it was true as alleged in the reply, that the appellant, as the principal, borrowed the money which Whaley received upon the note executed to the bank, as the agent of appellant, and that the transaction was for appellant, and the money to be put into its business and it was so used, it seems that the appellees stated a cause of action entitling them to recover of

the appellant, and for that reason its demurrer, upon the ground that no cause of action was stated against it, was not well taken. For the same reason, the demurrer to the third paragraph of the reply was properly overruled.

The demurrer to the second paragraph of the reply, wherein it was attempted to plead an estoppel against appellant claiming to be the owner of the tobacco, should have been sustained. No fact is alleged showing that appellant ever knew of the fact of the appellees becoming surety of Whaley, neither is any fact or circumstance alleged, which would show that there was ever any duty imposed upon the appellant to give information of the agency to the appellees. An estoppel means where one is the owner of property or has a right, but is precluded from claiming the property or to assert the right on account of some representation or act of his in regard to the property or right, which has induced another, not knowing the facts, to act to his prejudice. An element that is essential to make an equitable estoppel is, that the person who is invoking it must have been influenced by or relied upon the representations or conduct of the person sought to be estopped, and was thereby induced to do something to his prejudice. Taylor v. Jenkins, 65 S. W., 601; Smither v. McGinnis, 35 S. W., 630; Wilson v. Scott, 11 R., 370. It is, also, essential, that the one to be estopped must have had knowledge of the facts and the one relying upon the estoppel must have been ignorant of the truth, and was led into doing something that he would not have done but for the silence of the one sought to be estopped. Newell v. Dunnegan, 1 R., 354; Milby v. Alkridge, 59 S. W., 18; Watson v. Prather, 65 S. W., 439. There is no allegation, that the tobacco, which was attached, was in Whaley's possession when appellees became his sureties, or paid the note, or that the tobacco was ever in the possession of Whaley, or that he was claiming or pretending that it was his own at the time. Neither is there any allegation, that appellant ever pretended by word or act, that the tobacco was owned by Whaley. Hence, there was no act nor silence on the part of appellant, which induced appellees to act to their prejudice in becoming the sureties of Whaley. The mere fact that a creditor believes that property is owned by his debtor and causes an attachment to be levied upon it, does not estop the real owner from asserting title to it, unless the owner has, by his acts or silence, when he

ought to speak, induced or caused the creditor to do some act to his prejudice in regard to it.

The question left to be determined is, whether there was any evidence which conduced to show that the appellant borrowed the money in controversy, through its agent, Whaley, or that Whaley was the agent of appellant, with authority to borrow money for it, and did borrow this money for appellant. If there was any evidence to support this averment, then the case should have been submitted to the jury, otherwise it should not have been. The statements of the witnesses as to what Whaley said about being the agent of appellant were not competent evidence against appellant to prove such agency, and should have been excluded. It should be stated that the three appellees each testified, that they had no knowledge at the time they became the sureties of Whaley, that he was an agent of the appellant, and that they looked to him and his business to satisfy the note, and not to the appellant or any one else. The proof shows, without contradiction, that on the 10th day of December, 1913, Whaley entered into a contract with the appellant, by which he sold to the appellant an unlimited quantity of tobacco of certain dimensions and at certain prices. There was no provision in this contract that Whaley should buy tobacco at all. During the life of this contract he could not be considered the agent of appellant in any sense. On the 11th day of December, the day following the making of the contract between him and the appellant, he executed the note and obtained the money in controversy, and the appellees became his sureties upon the note. Whaley was introduced as a witness for appellees, and is the only person who could possibly know, so far as the evidence discloses, what he did with the proceeds of the note, and he stated that at the time he executed the note, he was not an agent of appellant, but was preparing to open up and conduct a business of his own, in buying tobacco and delivering it to appellant, under the contract that he had with it, and that he used the entire proceeds of that note in expenses incurred by him while operating under that contract. After that time, ten, fifteen, twenty, or thirty days, he did enter into an arrangement with appellant, by which he became the agent of appellant in buying tobacco and shipping to it. It seems that Whaley and appellant have a controversy about whether the appellant should pay him for certain

expenses incurred by him in conducting the agency he had for it, in addition to the commissions paid him for his services, but if his testimony can be believed, no part of the proceeds of the note, upon which appellees were his sureties, was invested in any of those expenses paid by him after he became the agent of appellant, and there is not a particle of testimony disclosed by the record to the contrary. There is no contradiction in the proof, that Whaley was not the agent of appellant when he borrowed the money and appellees became his sureties, and, of course, the appellant could not be held as borrowing this money through Whaley, as its agent, when in fact and truth, Whaley was not its agent. The only cause of action which appellees could have would be one against Whaley, to recover from him the money paid for him by them, as his sureties, or if Whaley was the agent of appellant at the time and had authority to borrow money for it, appellant would then be the principal, although undisclosed at the time, and appellees could maintain their action against it, but there is a total failure of proof to show, either that Whaley was the agent of appellant at the time he incurred the obligation, or that he had any authority of any kind to borrow money for appellant, and there is, likewise, an entire failure of proof to show that the money was invested in the business of appellant, but instead thereof, the proof conduces to show the contrary, altogether. If Whaley, by an arrangement thereafter with appellant, by which he became its agent, and incurred expenses which he would be entitled to recover against it, the appellees, because of his indebtedness to them, could not be substituted to his rights against appellant, in the absence of any privity between him and appellees. The only way in which appellees could reach what appellant might owe Whaley, would be by means of a garnishment of appellant in a proper action for that purpose, and the recovery would have to be upon the basis of what appellant owed Whaley, and not upon the basis of appellant being their debtor.

The court should, therefore, have sustained the motion for a direct verdict by the jury.

It being admitted in the pleadings that appellant owned the tobacco, and no sufficient grounds shown to estop it from claiming it, the court should have discharged the attachment levied upon it as the property of Whaley.

The judgment appealed from is, therefore, reversed, as to the Hodge Tobacco Company and the cause remanded for proceedings consistent with this opinion.