## Stokes v. Goodwin.

(Decided June 22, 1934.)

D. H. HUGHES and WHEELER, WHEELER & SHELBOURNE for appellant.

M. C. ANDERSON, and C. C. GRASSHAM, and L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In an action for personal injuries arising out of a collision between her automobile and that of the appellant, the appellee recovered judgment against the appellant in the sum of $4,500, and this appeal results.

At the time of the accident, appellee's husband was driving her machine; she being seated beside him. On the trial, appellee did not offer herself as a witness, but did offer her husband who, over appellant's objection, was allowed to testify for the appellee as to how the accident happened. The sole ground urged for reversal is the claimed error of the trial court in permitting appellee's husband thus to testify. That the court permitted no error is apparent from the provisions of subsection 1 of section 606 of the Civil Code of Practice. So far as pertinent, that subsection reads:

"Nor shall either of them [husband or wife] testify for the other * * * except in actions which might have been brought by or against the wife, if she had been unmarried, and in such actions either, but not both, of them may testify."

As this was an action which the appellee might have brought had she been unmarried, it is clear that under the express provisions of the Code her husband was a competent witness for her, provided she did not offer herself as a witness. Thus in Walker's Assignees v. Walker (Ky.) 114 S. W. 338, in a suit brought by the wife against a partnership of which her husband was a member to recover a loan made the partnership, it was distinctly held that under the section of the Civil Code of Practice above cited either she or her husband, but not both of them, had the right to testify for the wife. The same rule was applied in the case of Ditto v. Slaughter, 92 S. W. 2, 28 Ky. Law Rep. 1164, where a suit was brought against a wife on a promissory note executed by her for the purchase price of stock. In the case of Glover v. Suter, 38 S. W. 869, 18 Ky. Law Rep. 1018, where a wife in a suit against her husband intervened to claim as hers certain property which had been attached as that of her husband, she was allowed to use her husband as a witness in her behalf; she not testifying. To the same effect are the cases of E. H. Taylor, Jr. & Sons v. Johnson, 99 S. W. 320, 30 Ky. Law Rep. 656; Louisville & N. R. Co. v. Hall, 143 Ky. 497, 136 S. W. 905; James v. Davis, 172 Ky. 381, 189 S. W. 440; Brady v. Equitable Trust Co. of Dover, 178 Ky. 693, 199 S. W. 1082, and Rose et al. v. Monarch, 150 Ky. 129, 150 S. W. 56, 42 L. R. A. (N. S.) 660, 667. See, also, Combs v. Roark, 206 Ky. 454, 267 S. W. 210.

The judgment is affirmed.