## Commonwealth et al. v. Salyers et al.

(Decided April 23, 1935.)

G. R. BLACKBORN for appellants.

A. F. CHILDERS for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is a companion case to Commonwealth of Kentucky et al. v. M. H. Powell et al., decided at the last term of court and reported in 258 Ky. 137, 79 S. W. (2d) 411, 413. The two cases were tried together and the evidence was substantially of the same character.

The appellees W. L. Salyers and Cora Salyers, his wife, own 9 acres of land about one mile from Elkhorn City in Pike county. A county road 16 feet in width passed through the tract of land in front of their home. The State Highway Commission determined to construct a state highway from Pikeville to Elkhorn City and, the right of way of the old county road being of insufficient width, the proper authorities of Pike county were requested to acquire a right of way 60 feet wide through appellees' land. This suit was instituted in the Pike county court to condemn a strip through appellees' land 60 feet in width and 1,975 feet in length, a total of 2.6 acres. Commissioners were appointed to go upon the land and assess the damages, and they awarded appellees $350 for the strip of land sought to be taken and $550 for fencing and incidental damages, or a total of $900.

The appellees filed exceptions to the commissioners' report, and a jury trial in the county court resulted in a judgment for $1,500 in their favor. They were still dissatisfied and appealed to the Pike circuit court, where they obtained a judgment for $2,000, and from that judgment this appeal is prosecuted.

Two grounds are relied upon for a reversal of the judgment: (1) Alleged error of the trial court in overruling appellants' motion for a continuance, and (2) the verdict is excessive.

Since we have concluded that the damages awarded by the jury in the circuit court are patently and grossly excessive, it will be unnecessary to discuss the first ground relied upon for a reversal of the judgment.

W. L. Salyers testified that the fair market value of the 9 acres of land through which the strip was condemned was $6,000 before the taking and that its fair market value after the taking was $1,500. He testified to no state of facts that would account for such a depreciation in value, nor was it shown that the purposes to which the land was adapted were such as to

justify the extravagant estimate of its value placed on it by the witness. One or two other witnesses expressed somewhat similar opinions as to the value of the land before and after the taking, but their opinions were unsupported by tangible facts. Seven acres of the land owned by appellees was hill land and two acres was bottom land. The strip condemned included about one acre of the bottom land. W. L. Salyers owns a tract of land adjoining the 9-acre tract and across a creek. There is no claim that this part of the land has been damaged by the taking of the 2.6 acre strip. In the two adjoining tracts there are 200 acres of land. He admitted that the entire 200 acres was assessed for taxation purposes at $1,000 and the improvements thereon at $500. While such evidence is not conclusive as to values, it is admissible and is a circumstance to be considered by the jury in arriving at the value of the land before the taking. Commonwealth, by State Highway Commission, v. Combs, 229 Ky. 627, 17 S. W. (2d) 748; Franklin County v. Bailey, 250 Ky. 528, 63 S. W. (2d) 622.

As heretofore stated, this case and the case of Commonwealth of Kentucky v. Powell were tried together. The evidence in the two cases is similar in character, and the verdicts, rendered by the same jury, are consistent in that they are equally out of harmony with the evidence. As said in the opinion in the Powell Case, "It is useless to go into details as to the proof of values, since this is one of that character of cases wherein the court is struck at first blush with the belief that the amount allowed the appellees is excessive."

For the reasons indicated, the judgment is reversed for further proceedings consistent herewith.