## Crittenden County v. Towery.

(Decided June 2, 1936.)

CHARLES FERGUSON and ED D. STONE for appellant.

A. C. MOORE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This is the second appeal of this case; the opinion on the former appeal reversing the judgment of the lower court being found in Postlethweighte v. Towery, 258 Ky. 468, 80 S. W. (2d) 541. Reference is made to that opinion for a statement of all that went before the filing of the mandate in the lower court.

Thereafter plaintiff filed a second amended petition whereby the county was made a party defendant and wherein it was alleged in substance that the state highway commission accepted the lands of plaintiff as described in his original petition and in the deed filed therewith as an exhibit and caused the land to be constructed and built into a state highway which had long since been completed and continuously used by the state and by the public as one of its highways and arteries of traffic; that the land was taken and accepted by the state highway commission, and was being used and applied to public use without just or any compensation being made to him, and that under and by virtue of the provisions of section 4356t-7, Kentucky Statutes, the cost of the right of way should be paid by Crittenden county, which county was and is legally liable and responsible to him for the value of

the land so taken as well as all direct damages resulting therefrom; that the land thus taken, accepted, and applied to the purposes indicated was of a reasonable market value of $1,000, considering its relation to the entire tract of which it was a part, and plaintiff had been further damaged in the sum of $1,000 in diminution of the reasonable market value of the remainder of his farm resulting directly from the situation and position in which it is placed by the taking of the right of way containing 10 acres; and that he had been damaged in the further sum of $1,000 for additional fencing made and required to be made by reason of the construction of the highway. He prayed for judgment against the county for such sums, aggregating $3,000.

Crittenden county entered a motion to dismiss the action as to it and also a demurrer to the second amended petition, and all the defendants below filed a joint answer to the second amended petition, the first paragraph of which was a traverse; but in the second paragraph it is alleged in effect that Crittenden county did not in any way take, accept, or appropriate any lands of plaintiff for road purposes or otherwise; that the land mentioned in the petition was taken and appropriated by the state highway commission without any contract, agreement, or obligation on the part of the county to pay therefor any sum whatever; that the land was taken, accepted, and constructed into a highway by contract and agreement between the commission and plaintiff by and through a deed which he executed to the highway commission for the right of way, and for this and other reasons enumerated he was estopped to complain or to assert any claim for damages or for the value of his property against the county.

The issues were completed by a traverse of the affirmative allegations of the answer. The cause was submitted to the court without intervention of a jury, and, after hearing oral testimony in addition to that heard on the former trial, a memorandum opinion was rendered, and it was adjudged that plaintiff recover of defendant, Crittenden county, the sum of $1,003.25 and costs, except such costs as were made by reason of the appeal from the former judgment which had been paid by him. The opinion was made a part of the record

and a statement of various items making up the aggregate amount awarded to appellee; one item being for the 10 acres of land taken at $25 per acre or $250; the other items being the cost of labor and material for the erection of additional fencing made necessary by reason of the construction of the highway. Following this itemized statement in the opinion, it is said:

"The court finds from the evidence that the value of plaintiff's land taken for said road purposes is 10 acres worth $25.00 per acre, or $250.00 in the aggregate, and that said sum of $250 is the difference between the fair market value of plaintiff's entire tract of land of 350 acres, immediately before and the reasonable and fair market value of the remainder of said 350 acres immediately after the taking of the 10 acres from the 350 acres, and in so holding the court has taken into consideration the fair and reasonable cash value of the land taken considering its relation to the entire tract of 350 acres of which said 10 acres is a part. The court is further of the opinion from the undisputed evidence that $753.25 is the amount representing the fencing and other improvements rendered necessary to be constructed by plaintiff, for and on account of said road, which when added to the $250.00 for land taken gives the aggregate sum of $1003.25 tabulated above."

A number of grounds are urged for reversal, but as a matter of convenience we shall treat them in an order other than that appearing in the brief. It is argued that by the second amended petition, appellant attempted to convert an action ex contractu into an action ex delicto and that this constitutes a departure not permissible under our system of civil procedure. In discussing this question pro and con, we find counsel for the respective parties citing and relying on section 134 of the Civil Code of Practice and Lampton v. Staebler, 252 Ky. 405, 67 S. W. (2d) 473. Under that section of the Code, it will be noted that the court is given a very broad discretion in the matter of allowing amendments to pleadings, and at the end of the section it is provided:

"The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the

adverse party; and no judgment shall be reversed or affected by reason of such error or defect.''

The manifest purpose of this section of the Code as uniformly construed by the court is to liberalize the rules of pleading and to confer on courts a wide discretion in the matter of amended pleadings, which discretion will not be disturbed on appeal where it is apparent that the ends of justice have been promoted thereby and the parties have had a fair trial. Chesapeake & Ohio R. Co. v. Conley's Adm'r, 136 Ky. 601, 124 S. W. 861; Louisville & N. R. Co. v. Pointer's Adm'r, 113 Ky. 952, 69 S. W. 1108, 24 Ky. Law Rep. 772; Title Guaranty & Surety Co. v. Commonwealth, 141 Ky. 570, 133 S. W. 577; Barron v. City of Lexington, 105 S. W. 395, 32 Ky. Law Rep. 92. In disposing of this contention made in the lower court, the opinion cited Lampton v. Staebler, supra, which is in harmony with the above authorities.

The amended petition, as will be noted, alleged that the land was taken and appropriated by the highway commission under the deed filed as an exhibit with the original petition (which for reasons indicated in the opinion on the former appeal was not binding on the county), and sought to recover compensation from the county for the land taken and the direct damages resulting from its taking under the provisions of section 4356t-7, Kentucky Statutes. In the light of the Code provision as construed by this court, it is quite apparent that the court did not err in permitting the amendment to be filed, since it was plainly in the furtherance of justice and the substantial rights of none of the parties were prejudiced thereby.

It is further earnestly argued by counsel for appellant that the measure of compensation or damages to which appellant was entitled was and is the difference in value of the farm immediately before the taking of the land for road purposes and immediately after the taking; and the court erred in permitting counsel for appellee to ask and witnesses to respond to the following question:

"State what the reasonable market value of the land taken for highway purposes, and now being used as a State highway, was on the 19th day of October, 1933, when accepted by the State High-

way Commisison, considering its relation to the entire tract of which it was a part, and in fixing its value fix it under this rule: 'If and when offered for sale by one who desires to sell but is not compelled to do so and if and when bought by one who desires to purchase but is not compelled to have it.'"

With respect to this contention we again find opposing counsel citing the same case, Commonwealth v. Combs, 244 Ky. 204, 50 S. W. (2d) 497. In that case the instructions directed to be given on another trial authorize in substance a finding not to exceed the difference between the market value of the entire tract of land immediately before, and the market value of the remainder immediately after, the taking of the portion of land involved for road purposes.

The second instruction directed to be given reads: "The market value is the price which it will bring when it is offered for sale by one who desires to sell, but is not compelled to do so, and is bought by one who desires to purchase, but is not compelled to have it."

In determining the market value of the land taken, the court's finding as shown by the opinion was based on difference in market value immediately before and immediately after the taking; and, notwithstanding a conflict in evidence concerning the value of the land so taken, there is ample evidence to support the chancellor's finding with respect thereto; and his finding with respect to the cost of additional fencing made necessary is sustained by uncontradicted evidence. In this connection it may be said that appellant's further contention that the amount awarded is grossly excessive is not sustained by the evidence, although it is shown that appellee, in listing his land for taxation, fixed a value much less than that fixed by the court. It is true, as contended by counsel, that the value fixed by appellee for purposes of taxation was competent evidence; however, that evidence is not conclusive, and the court was authorized to consider it in connection with other evidence which would indicate a much greater value.

Questions made concerning the liability of the county for right of way taken for the construction of

the highway is too well settled to admit controversy. See Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501, 502; Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382; Webster County v. Lutz, 234 Ky. 618, 28 S. W. (2d) 966; Metcalf v. Lyttle, 219 Ky. 488, 293 S. W. 979.

Concerning the contention that consequential damages may be offset by consequential benefits, it may be said that it has no application here, since the court only allowed the value of the land taken and the cost of the additional fencing made necessary, and the latter item was properly included as part of the direct damages, the cost of which could not be abated by benefits arising from the building of the road. Louisville, St. L. & T. R. Co. v. Barrett et al., 91 Ky. 487, 497, 16 S. W. 278, 13 Ky. Law Rep. 57; Big Sandy R. Co. v. Dils, 120 Ky. 563, 87 S. W. 310, 27 Ky. Law Rep. 952; Louisville & N. R. Co. v. Hall, 143 Ky. 497, 136 S. W. 905.

Obviously appellant's plea of estoppel cannot be sustained. All the facts pleaded and relied upon to constitute an estoppel were known to all parties concerned, including the county. With this knowledge they permitted the state highway commission to proceed to appropriate the land for road purposes. It is not shown or even contended that all the facts were not known or that the county has been led into doing something which it would not have otherwise done but for the alleged acts of appellee. Hodge Tobacco Co. v. Sexton, 166 Ky. 219, 179 S. W. 36; Kenyon Realty Co. v. National Deposit Bank, 140 Ky. 133, 130 S. W. 965, 31 L. R. A. (N. S.) 169; Acme Mills & Elevator Co. v. Johnson, 141 Ky. 718, 133 S. W. 784; Torbitt & Castleman v. Middlesboro Grocery Co., 147 Ky. 343, 144 S. W. 16.

Judgment affirmed.