## Campbell et al. v. Salyer.

March 17, 1942.

494

Bailey P. Wootton for appellants.

Barney W. Baker for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSION-
ER—Affirming.

Previous to the transactions hereinafter related, F. F. and Bessie Colwell were indebted to the Perry County State Bank in the sum of $10,000, which debt was evidenced by their promissory note and secured by a mortgage on certain real estate situate in Perry county. On the 5th day of October, 1928, they conveyed the real estate to Milo Campbell, the deed for which retained a lien to secure the unpaid purchase price in the sum of $10,000, which was evidenced by a note executed by the grantee. The deed did not specify the payee of the note. Actually it was made payable to the Perry County State Bank, which accepted the note in payment of the Colwell note referred to above. The mortgage which theretofore had been executed and delivered to secure the Colwell note was not released. On April 5, 1928, Milo Campbell conveyed the land to his cousin, S. H. Campbell, and the latter's partner, Dr. G. W. Morgan. On March 21, 1929, Morgan and his wife conveyed their interest in the land to S. H. Campbell. On May 20, 1932, S. H. Campbell conveyed the land to his brother, Boyd Campbell. Neither the deed of Milo Campbell to S. H. Campbell and Dr. Morgan, nor that of Morgan to S. H. Campbell, nor that of S. H. Campbell to Boyd Campbell mentioned the lien retained in the deed from the Colwells to Milo Campbell, although the debt was never paid.

The Perry County State Bank merged with the Hazard Bank & Trust Company to form the Perry Bank and Trust Company, the latter taking over the assets and liabilities of both banks, including the note executed by Milo Campbell. Shortly after the merger, the bank became insolvent and its affairs were placed in the hands of a receiver. In receivership, the assets of the bank were slowly liquidated; and, after approximately 10 years, all the unliquidated assets of the bank, amounting in face value to several hundred thousand dollars, were sold at public auction to K. N. Salyers for the sum of $17,500. Salyers instituted suit on the $10,000 note seeking personal judgment, which was rendered by default, against Milo Campbell, and asking an enforcement of the lien on the real estate then owned by Boyd Campbell. The trial court rendered judgment declaring the debt to be secured by a lien on the property and decreeing its sale in satisfaction thereof.

Complaint is made that no one but Colwell could enforce the purchase money lien spoken of in the deed.

But with this contention we cannot agree, and counsel for appellant cites no authority in support thereof. The note executed by Milo Campbell recited that it was secured by a purchase money lien on property in Perry county and the deed from Colwell to Milo Campbell for the property located in Perry county recited that a purchase money lien was retained in the deed for the payment of the note, showing clearly that it was the intention of Colwell, Campbell, and the bank to secure the note with a lien on the property, and the fact that the deed failed to mention the payee of the note did not thwart the purpose. We are therefore of the opinion that the court properly held that the lien attached upon delivery of the deed. That being true, the premise used as a basis for appellant's second complaint fails to materialize. The complaint is that the lien was invalid because placed on the property by verbal agreement. Since it attached on delivery of the deed it was placed on the property by written instrument, not by verbal agreement. Since the deed from the Colwells to Milo Campbell validly retained a lien to secure the debt owing the bank, the property will remain impressed with the encumbrance until extinguishment of the debt, unless it be shown to have passed into the hands of an innocent purchaser without actual or constructive notice of the lien. Hamilton's Ex'r v. Wright, 87 S. W. 1093, 27 Ky. Law Rep. 1144. Appellee contends he is an innocent purchaser, but his contention in that respect must be rejected for the following reasons: Milo Campbell recorded the deed which retained the lien. When this happened the recorded instrument placed all subsequent purchasers on constructive notice of the lien. Casual inquiry by Boyd of his cousin Milo would have disclosed that the indebtedness secured by the lien was held by the Perry Bank and Trust Company; and inquiry of the latter would have disclosed that the debt was not satisfied. Appellant's plea of estoppel, which hereinafter will be referred to, would indicate he made such inquiry. In addition to constructive notice, the record discloses that he actually knew of the existence of the lien. S. H. Campbell testified that at the time Boyd Campbell purchased the property the former asked the latter to assume the payment of the note. He refused to specifically assume its payment, conceiving the obligation not to be a lien on the property. This testimony must be taken as true, because it is undenied. It is therefore conclusive

of the fact that Boyd Campbell had actual notice of the unsatisfied debt and the lien on the property.

The state of facts relied on in appellant's brief in support of an estoppel are not the facts relied on in support of the plea of estoppel contained in appellant's answer. The answer alleged that the receiver of the bank told Boyd Campbell that the bank was not claiming a lien on the property. This allegation was denied by the receiver and no evidence was introduced in support of the allegation. It is manifest that such plea must fail for want of proof. In his brief, counsel asserts the right to an estoppel on the ground that the bank accepted the note of Milo Campbell in lieu of the Colwell note; but we see nothing in that act which would effect an estoppel on the bank to claim the benefit of the lien securing the Campbell note. An "estoppel" has been defined to be "* * * where one who is the owner of property or has a right, but is precluded from claiming the property or to assert the right on account of some representation or act of his in regard to the property or right, which has induced another, not knowing the facts, to act to his prejudice." Hodge Tobacco Co. v. Sexton, 166 Ky. 219, 179 S. W. 36, 38. An estoppel operates only to protect the innocent who is misled to change his condition in reliance on a misrepresentation. The purpose of the transaction between Colwell, Campbell, and the bank was for Campbell to assume the obligation of Colwell to the bank and directly secure the payment of the obligation by creating a purchase money lien on the property he purchased. That intention was carried out and no act of the bank, Colwell, or Milo Campbell can be construed to have the appearance of releasing the bank's right to the lien.

It is next contended by appellant that appellee did not pay a valuable consideration for the note sued on, but we believe that position not to be well taken. Appellee paid $17,500 for all the assets of the bank including the $10,000 note sued on. The record fails to disclose, if such were an important fact, what the remaining assets are worth. It is alleged that there was more than $20,000 in real estate and more than $500,000 in notes. This allegation was not denied. We assume the pleading was referring to book values; in any event, the consideration passing was one of value.

It is finally contended that, when the bank accepted

the Milo Campbell note in lieu of the Colwell note, it did not become subrogated to the right of Colwell. With a determination of that question we need not be concerned. When the transaction between the bank, Colwell, and Campbell was had, the right to the lien was created in favor of the bank, not of Colwell; it was therefore unnecessary to rely on a subrogation.

Section 2358, Carroll's Kentucky Statutes, 1936 Edition, recites:

> "When any real estate shall be conveyed, and the consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against bona fide creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid."

This right can be retained in the deed for the benefit of a third party. Such procedure will operate as effectively for the latter's benefit as if the lien were retained for the specific benefit of the grantor and subsequently assigned to the third party. A vendor's lien is a creature of equity and rests upon the principle that one who gets the estate of another should not, in conscience, be allowed to keep it without paying a consideration. Ford v. Ford's Ex'r, 233 Ky. 673, 26 S. W. (2d) 551.

In summarization of the conclusions hereinbefore expressed, we are of the opinion the court properly held that appellee was entitled to the enforcement of the lien retained by Colwell in favor of the Perry County State Bank.

Wherefore the judgment is affirmed.