**COMMONWEALTH et al. v. GIL-
BERT et al.**

Court of Appeals of Kentucky.

Dec. 5, 1952.

C. J. Waddill, T. W. Johnson, Frankfort, R. H. Riggs, Greenup, for appellants.

Frank K. Warnock, John F. Coldiron, Greenup, for appellee.

DUNCAN, Justice.

This is a condemnation action by which the Commonwealth of Kentucky and Greenup County acquired for highway purposes a tract of land located in the town of Greenup. Upon a trial in the circuit court, after an appeal by the landowner from the county court, a verdict was rendered, fixing the value of the land to be taken at $740 and incidental damages to the remainder of the land at $1,760, a total of $2,500. From the judgment rendered on the verdict, the Commonwealth and County appealed. The only question presented in this Court is whether or not the amount awarded for incidental damages was excessive.

The appellee's land, consisting of approximately three and one-half acres, is rectangular in shape and extends along Washington Street, or Ky. Route 2, a distance of 674.8 feet, and along Seaton Avenue a distance of 186.2 feet. Prior to the proposed construction, this land was on the same elevation as Washington Street on the west and Seaton Avenue on the north. The plans for the proposed highway show that the road will divide the land into two sections, and that con-

demnors would take a strip 100 feet wide from the east boundary line to the west boundary line a distance of 219 feet, the north edge of the 100-foot strip to be about 150 feet south of Seaton Avenue. In addition to construction of the new road, Ky. Route 2 is to be widened, taking for that purpose from the western edge of appellee's land for a distance of 674.8 feet a strip varying in width from 20 feet to zero feet. The total acreage taken amounts to .74 of an acre.

The plans indicate that the proposed road is to be constructed on a fill 8.8 feet above the natural level of the land near the eastern boundary, descending in elevation as it runs westward until it is 7.5 feet higher than the natural level on the western boundary. Ky. Route 2 is to be elevated until it is 7.5 feet higher than the natural level at the point where it intersects with the new road, descending as it runs north from the intersection so that it reaches its old level at the intersection with Seaton Avenue, and descending as it runs south from its intersection with the new road until it reaches its old level within a few feet of the south boundary of appellee's land. The remaining land is, therefore, left in two sections, separated by a fill running east and west, ranging in height from 8.8 feet to 7.5 feet, and a fill along the western boundary of both sections, ranging in height from 7.5 feet where the new road intersects Ky. Route 2 to zero feet at each of the extreme ends.

■ Appellants concede the reasonableness of the award for the land taken. They assert, however, that the amount allowed for incidental damages to the remainder of the land was excessive. The measure of damages for the taking of land for road purposes is the difference between the market value of the land before and after the taking. Commonwealth v. Crutcher, 240 S.W.2d 605; Adams v. Commonwealth ex rel., State Highway Comm., 285 Ky. 38, 146 S.W.2d 7; Commonwealth v. Powell, 258 Ky. 131, 79 S.W.2d 411; Commonwealth v. Combs, 244 Ky. 204, 50 S.W.2d 497. Although the value of the land and incidental damage to the remainder is required to be, and was in the present case, stated separately, we would not be inclined to treat the award for any single item as excessive so long as the total amount awarded did not exceed the difference in the reasonable market value of the land before and after the taking.

■ Greenup is a small town on the Ohio River, with a population of about 1,200. It is bounded on the west by Little Sandy River, on the north by the Ohio River, and on the south by a range of high hills. Because of these natural boundaries, the possible expansion of the town is limited, and there is very little vacant land between the river and the hills. The proximity of this land to the business section of the town and its adaptability for business purposes are proper elements to be considered in fixing its value. Cranley v. Boyd County, 266 Ky. 569, 99 S.W.2d 737.

The landowner testified that the reasonable market value of the land was $5,000 before the taking and the remainder of the land would be worth $2,000 after the construction of the highway as proposed. Two other witnesses fixed the value at $4,000 before the taking and $1,000 thereafter. One witness fixed the value before the proposed construction at $4,000 and the value after construction at $2,000. For the condemnors, the witnesses fixed values before and after the taking which would indicate a decrease in value by reason of the proposed construction at from $1,000 to $1,500. In addition to the evidence heard, the jury personally inspected the land involved.

■ Appellants insist that the testimony of appellee's witnesses is entitled to little weight, since no facts are given upon which their opinions are based. It is true we have written that opinions as to value are not persuasive unless based upon facts from which the opinions are drawn. Commonwealth v. Combs, supra. However, appellants' witnesses gave no more reasons for the opinions which they expressed than did the witnesses for appellee. Since the value of land is, after all, a matter of opinion, we would not be justified in substituting our own opinion for those expressed by the witnesses. ·

The evidence of the Tax Commissioner as to the assessed valuation of this land for tax purposes is relied upon by appellant as indicating that the award is excessive. Inasmuch as it was not shown that the assessment value was one fixed by appellee, the evidence was incompetent. Evidence as to assessed valuation is competent only upon the theory that it is an admission against interest, and when the value shown is not one fixed by the landowner, it is not admissible. In 18 Am.Jur. p. 993, Sec. 350, the rule is stated as follows:

> "The assessed value of land, when it is placed upon the land by the assessors without the intervention of the landowner, is not admissible as evidence of market value; and no inference can fairly be drawn that it is correct from the failure of the owner to object on the ground that the valuation is too low."

Evidence as to assessed valuation has been admitted in Kentucky in the cases of Louisville & N. Ry. Co. v. White Villa Club, 155 Ky. 452, 159 S.W. 983; Louisville & N. Ry. Co. v. Burnam, 214 Ky. 736, 284 S.W. 391; Commonwealth, by State Highway Comm. v. Combs, 229 Ky. 627, 17 S.W.2d 748; Davidson v. Commonwealth ex rel. State Highway Comm., 249 Ky. 568, 61 S.W.2d 34; Franklin County v. Bailey, 250 Ky. 528, 63 S.W.2d 622; Commonwealth v. Salyers, 258 Ky. 837, 81 S.W.2d 859; Crittenden County v. Towery, 264 Ky. 606, 95 S.W.2d 233; Hoskins v. Commonwealth, 290 Ky. 400, 161 S.W.2d 169.

In most of these cases, it affirmatively appears that the assessment list introduced was made by the landowner. In the Hoskins, Salyers, and Burnam cases, the opinions of the Court do not indicate how such values were fixed. That fact not appearing, it cannot be said that these cases are not in harmony with the general rule.

The rule generally is that the finding of a jury in condemnation, as well as other cases, will not be disturbed unless it appears that the jury has committed gross error or acted under bias and prejudice.

Commonwealth v. Crutcher, supra. On the whole record, we are unable to say that the verdict, although liberal, is so excessive as to indicate gross error or bias and prejudice on the part of the jury.

The judgment is affirmed.