**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**David W. COLLINS et al., Appellees.**

Court of Appeals of Kentucky.

March 17, 1961.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Chief Asst. Atty. Gen., James J. Shannon, Jr., Atty., Dept. of Highways, Frankfort, for appellant.

Louis Cox, Frankfort, for appellees.

WADDILL, Commissioner.

The Commonwealth is appealing from a judgment entered upon a verdict awarding appellees $30,000 for property condemned for road purposes. Appellant contends the verdict is excessive and rests upon unsubstantial testimony.

The Commonwealth acting through the Department of Highways filed a proceeding in the Franklin County Court to condemn a strip of land through appellees' farm for the purpose of widening U. S. Highway No. 60 between Frankfort and Versailles. The property proposed to be taken consists of 2.48 acres of land, 450 feet of plank fencing, 16 rods of wire fencing, 300 feet of stone fencing, 5 stone posts, a section of black-top driveway, and 39 shade trees.

The commissioners appointed by the county court fixed the value of the property and the incidental damage to the remainder of the tract at $26,016. Their award was accepted by the county court and a judgment was accordingly entered. Upon appeals taken by both parties to the circuit court appellees recovered $30,000.

Appellees' farm embraces 246 acres and is located approximately one mile east of the city limits of Frankfort. A triangular-shaped portion of the tract, containing 2.38 acres, is located north of the highway and has frontage of 705 feet on that side of the road. The remaining 243.62 acres lie south of the highway and have frontage of 810 feet on that side of the road. The widening of the highway consumes 1.5 acres of the smaller tract and .98 acres from the larger tract.

A qualified expert appraiser, who testified in behalf of the Commonwealth, estimated the value of the property being taken for road purposes at $5,310 and the conse-

quential damage to the remaining land at $4,300, making a total of $9,610. Another expert appraiser of the highway department testified that the reasonable market value of the farm before the taking was $228,700 and its reasonable market value after the taking was $220,370, a difference of $8,330. He arrived at this conclusion by valuing the 2.48 acres condemned at $2,545 and by regarding the taking as causing $5,785 damage to the remainder of the land.

Appellee, David Collins, who is the beneficial owner of the farm, testified that he had lived on the property for over 30 years and was familiar with land values in the neighborhood. It was his opinion that the land and the improvements being condemned were of the reasonable market value of $30,000 and that the damage to the remainder of his land was $45,000. He estimated the value of the 2.48 acres being taken at $19,800 and improvements thereon at $10,200. He justified his evaluation of the damage to the remainder of his farm by claiming that the change of the grade of the highway reduced the commercial and industrial value of the property; that the value of his home was substantially impaired due to the fill in front of and on the side of his home, and that the .88 acres left stranded on the north side of the highway was worthless.

Two well-qualified real estate appraisers and dealers valued the property being taken and the damage to the remainder at $123,165 and $50,000, respectively. Two neighboring farmers, who were familiar with the value of land in the vicinity of appellees' farm were of the opinion that the total market value of the farm had been reduced by $66,000 and $60,000, respectively.

■ The court is becoming increasingly concerned with exorbitant values being assigned to property condemned for road purposes. The award in the instant case is liberal but it is sustainable under the record. The farm is near a railroad line, three newly developed subdivisions and

property presently utilized for commercial purposes. It is not zoned and it is adaptable for either commercial or industrial purposes. These are proper elements to be considered in fixing the value of land being condemned. Commonwealth v. Gilbert, Ky., 253 S.W.2d 264, 39 A.L.R.2d 205; Cranley v. Boyd County, 266 Ky. 569, 99 S.W.2d 737.

■ While we have observed that the estimates of appellees' witnesses are exceedingly high, the verdict is not so large as to indicate it was the result of passion and prejudice. Nor can we reasonably say that the sum awarded was not supported by testimony having probative worth. Therefore, we conclude that the verdict is not excessive and is sufficiently substantiated.

Judgment affirmed.