**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Lewis H. HALL et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 2, 1962.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Charles E. Skidmore, Dept. of Highways, Frankfort, for appellant.

J. R. Layman, Paul M. Lewis, Hatcher & Lewis, Elizabethtown, for appellees.

WILLIAMS, Judge.

The appellees owned an undeveloped 19.-65-acre tract of land adjacent to Highway 31–W just north of the city of Elizabethtown. The appellant condemned a strip across the front portion of the tract for the purpose of converting the road into a four-lane highway. The strip taken ranged from 66 to 96 feet in depth and was composed of 1.74 acres. There was left remaining 17.91 acres, with the same number of feet fronting the highway as existed before the taking. A jury in the Hardin Circuit Court returned a verdict for the appellees in the amount of $19,200, broken down as fol-

lows: $14,200 for the 1.74 acres taken, and $5,000 damage to the remainder of the tract. The appellant maintains the verdict was excessive and not based on competent evidence, and that the jury disregarded the competent evidence and instructions of the court.

■ The instructions given were offered by the appellant and were approved in Commonwealth v. Combs, 244 Ky. 204, 50 S.W. 2d 497. The jury was advised to consider the tract taken "in relation to the entire tract of which it is a part." It is argued that the value of the part taken should be in direct proportion to the value of the entire tract as the area of the part taken is to the area of the entire tract. That theory is not well taken because the part taken may be the only valuable portion of the entire tract and still comprise but a fraction of the whole. Here in fact the part taken was the most valuable portion of the tract because it was level and the part remaining was hilly.

■ The owners were questioned concerning the manner in which they arrived at the estimate of the value of the property. Counsel for both appellant and appellees elicited information from them concerning the intended use of the property, its value per front foot and its value as acreage. Appellant objected to a question which generally required a statement of intended use in the answer. The objection was made after the same information had been brought into the case by both parties and, under the circumstances, the information garnered from the question was nothing more than reiteration of what had already been said. No prejudicial error resulted from the circuit court's decision. It is said in 3 Am.Jur., Appeal and Error, section 879, that "an appellant cannot complain of error in the admission of evidence which he himself offered or drew out."

■ Without alluding to the obvious practice of placing exorbitant values on property condemned for road purposes (Commonwealth Dept. of Highways v. Collins, Ky., 344 S.W.2d 613), we note that the two property owners and two neighbors qualified as experts and swore that the taking reduced the value of the entire tract in an amount greater than that awarded by the jury. As was stated in Commonwealth v. Collins, supra, we cannot reasonably say that the sum awarded was not supported by testimony having probative worth.

Judgment affirmed.