**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**James A. BROWN et al., Appellees.**

Court of Appeals of Kentucky.

May 18, 1962.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Lawrence L. Pedley, Asst. Attys. Gen., Frankfort, for appellant.

William M. Deep, King, Deep & Branaman, Henderson, J. W. Blackburn, Louisville, for appellees.

BIRD, Judge.

This appeal arises from a condemnation action tried before a jury in the Henderson Circuit Court.

The measure of damages was the difference in market value of a tract of farm land immediately before the taking for highway purposes and immediately after.

On appeal the condemnor insists that condemnees failed to prove an "actual after the taking value."

Our examination of the record discloses that two witnesses testified on behalf of condemnees in answer to specific questions on that point, each giving his opinion as to the value of the farm after the taking of 4.24 acres for highway purposes. The witnesses were properly qualified. The questions and answers did not follow in the usual sequence and it would not be difficult to overlook them. They are, however, in the record and we find no prejudicial error regarding that point.

It is contended further that the verdict of the jury was the result of passion and prejudice. The record discloses that the verdict was for far less than it could have been under the evidence. The witnesses showed themselves to be adequately qualified on the question of values. The verdict is liberal but we cannot, under the evidence reasonably say that it is the result of passion and prejudice. Commonwealth Dept. of Highways v. Hall, Ky., 353 S.W.2d 548.

Condemnor further argues that the testimony on behalf of condemnees concerning value is without probative value because of interest. Our examination of the record does not disclose a situation of that kind.

We find no reversible error. The judgment is affirmed.